THORNAL, Justice.
In an original proceeding here relator Hill seeks a rule absolute in prohibition against the respondent Hearn, as County Judge.
The point involved is whether prohibition will lie to prevent a court of competent jurisdiction from enforcing by way of contempt proceedings an outstanding and unrevoked order of the court involved.
One aspect of this matter was previously before this court. See In re McCollum’s Estate, Fla.1956, 88 So.2d 537.
It appears from the record now here that on December 18, 1953, the respondent Hearn, as County Judge, entered an order by which he decided that one Kenneth Mc-Collum was the illegitimate son of Samuel McCollum, deceased. This order concluded that the deceased had recognized Kenneth in writing as his son. On the basis of this finding, Kenneth was declared to be a legal heir of Samuel. On December 30, 1953, the respondent County Judge entered an order allowing to the relator Hill a fee of $1,950 to be paid by the administrators of the estate of Samuel McCollum for services rendered by Hill, as attorney for Kenneth McCollum. The administrators paid the fee to Hill. Both of the above described orders were reversed on appeal by the Circuit Court of Suwannee County under date of February 19, 1954.
Thereafter the administrators of the Samuel McCollum estate as well as his heirs at law petitioned the County Judge to direct restitution by Hill of the fee paid under the order of December 30, 1953. Hill answered the petition for restitution and at that point the respondent County Judge held the matter under advisement. So far as this record reveals no further order was entered allowing Hill a fee. The County Judge did, however, enter a subsequent order by which he again determined that Kenneth McCollum was the legal heir of the late Samuel McCollum. This order was affirmed by the Circuit Judge but on appeal was reversed by this court in the matter of In re McCollum’s Estate, supra.
Upon the filing of our mandate reversing the last order of the County Judge, the latter after a full hearing entered an order on July 17, 1957 directing the relator Hill to make restitution of the $1,950 fee paid to him under the original order which had been reversed. The substance of the restitution order was that Hill restore the amount involved to the administrators of the McCollum estate within forty days. The theory upon which the order was entered was that the money was in custodia legis and that relator Hill, as attorney, had been unduly enriched by an erroneously entered order which had been reversed by this court.
Relator Hill refused to make restitution. Such refusal then culminated in an order entered September 13, 1957 whereby respondent Hearn, as County Judge, directed relator Hill to show cause on a day certain why he should not be adjudged guilty of contempt of court for failure to comply with the order of restitution entered July 17, 1957.
Before the hearing on the rule to show cause, Hill petitioned this court for a writ of prohibition to prohibit the respondent County Judge from holding the hearing on the contempt citation. A Rule nisi issued and the. matter now comes before us on application for a rule absolute.
The relator here contends that he received the money in good faith pursuant to an order of a court of competent jurisdiction and that he should, therefore, not be required to repay it.
*233 The respondent contends that he properly-entered the order of restitution and that prohibition will not lie to prevent him from exercising his power to punish for contempt in the premises.
We do not lose sight of the rale that the power to punish for contempt should be sparingly exercised. However, we have recognized consistently that a court of competent jurisdiction necessarily is endowed with this power in order to enforce its judgments and decrees. South Dade Farms, Inc., v. Peters, Fla.1956, 88 So.2d 891; Demetree v. State ex rel. Marsh, Fla.1956, 89 So.2d 498.
We must bear in mind that we are not being asked to review on appeal any order of the respondent judge entered in a contempt proceeding. We are here confronted with the request that we prohibit the respondent from exercising a power which we ourselves have heretofore held inheres in a court of competent jurisdiction. Historically the writ of prohibition is a process by which a superior court prevents an inferior court from exercising jurisdiction which it does not have or from exceeding its admitted jurisdiction. Ex parte, Peaden, 88 Fla. 273, 102 So. 160. In State ex rel. McGregor v. Peacock, 113 Fla. 816, 152 So. 616, we declined to prohibit a trial judge from proceeding to hear and determine a contempt matter on the ground that it was within his jurisdiction to determine in the first instance whether the facts constituted contempt.
If the lower court has the jurisdiction, that is, the power to act, prohibition will not lie to prevent the exercise of the power even though in the ultimate it may develop that the lower court commits an error in its final decision.
There appears to be no question but that in a proper case a trial judge has the power to compel restitution under various circumstances when his judgment has been reversed by a higher court. Admittedly there are situations where'the ordering of restitution would be considered error upon review. Nevertheless, the rule appears to be quite clearly .established that a trial court in a proper case may require restitution of. money collected under a judgment when such judgment has been set aside by an appellate court. Revell v. Dishong, 129 Fla. 9, 175 So. 905; Hazen v. Smith, 101 Fla. 767, 135 So. 813; Wall v. Johnson, Fla.1955, 80 So.2d 362; Restatement of the Law of Restitution, Sec. 74; 3 Am.Jur., Appeal and Error, p. 739, Sec. 1242, et seq.
We do not here intend to hold that an order directing restitution in a particular case is not subject to judicial review. We do, however, hold that a trial judge as in the case before us has the power to entertain the petition for restitution and to enter an order consistent with equitable principles. His order in siich case should be respected until revoked in an appropriate appellate proceeding. Prohibition! is not such a proceeding.
Relator relies on State ex rel. Gary v. Davis, 83 Fla. 422, 91 So. 267. We there held that prohibition would lie to prevent a contempt proceeding for alleged violation, of an order of the trial judge which had been entered without notice to the alleged offending party. The case is not controlling because there no valid order was entered. The order which was alleged to-have been violated had been entered without notice to the offending party and therefore in violation of the orderly requirements of due process. In the matter now before us the restitution order was entered after a full hearing pursuant to notice and after all parties had appeared and defended their several positions.
Relator also relies on Holland v. McGill, 107 Fla. 444, 145 So. 210, 87 A.L.R. 171. We there held that an order requiring-restitution was erroneously entered against an attorney of record who had collected and turned over to his client the proceeds of a judgment which was subsequently reversed There the attorney received the money for *234 his client and no longer had it under his control. It was specifically noted that none of the funds received for the client remained in the hands of the attorney when the order of restitution was made. No part of the money was paid to or for the attorney personally. Furthermore Holland v. McGill, supra, was a direct appeal' from the order of restitution and was not a proceeding in prohibition to prevent the trial judge from exercising his power in the premises.
The third case relied upon by relator is Wall v. Johnson, Fla.1955, 80 So.2d 362. There this court considered on appeal an order of the trial judge refusing to direct restitution. It was not a proceeding in prohibition to prevent the judge from considering the matter. We there fully recognized the sound judicial discretion available to trial courts to require restitution as an exercise of the inherent power of the court to correct its errors. There the trial judge had exercised a sound discretion in refusing to order restitution and his decision was sustained on direct appeal.
Returning to the factual and procedural situation now before us we recall that the order of the respondent County Judge directing restitution remains standing and unchallenged. So long as it occupies this status the respondent judge has the power to enforce it and to insure compliance with it. In order to accomplish this he is fully endowed with jurisdiction to punish for contempt after notice and a proper hearing if the circumstances so justify.
This opinion is not to be construed as an affirmance of the order of the respondent judge requiring restitution. It is merely a recognition of his power to act in the premises albeit in the ultimate it could be found that his decision is afflicted with error; a matter we are not here called upon to determine.
Finding as we do that the respondent judge has the jurisdiction to act and there ■ being no showing that he proposes in any fashion to exceed his jurisdiction, the rule absolute in prohibition is denied and the rule nisi, together with the petition therefor, is hereby dismissed.
TERRELL, C. J., and THOMAS, HOB-SON and DREW, JJ., concur.