WIGGINTON, Chief Judge.
Plaintiff has appealed a summary final judgment dismissing his complaint to quiet his title to a parcel ofTand in Bay County, and decreeing foreclosure of the mortgage held by appellee, Home Finance Company, against the land in question pursuant to the prayer of its counterclaim.
Plaintiff claims title to the land in question under a tax deed based upon a tax certificate theretofore issued for nonpayment of taxes. The former record owner of the land was named as a defendant, and upon failing to answer the complaint a default judgment was entered against him. Appel-lee, Home Finance Company, was also named defendant as holder of a mortgage given to it by the former record owner. By its answer to the complaint, appellee asserted the invalidity of the tax deed under which plaintiff claimed title and prayed for foreclosure of the mortgage held by it. Both parties moved for summary judgment and upon consideration of the pleadings, affidavits, and other evidence stipulated to by the parties, the trial court denied plaintiff’s motion and granted summary final judgment in favor of defendant. The judgment held appellant’s tax deed to be void, decreed foreclosure of appellee’s mortgage and ordered that the property be sold to satisfy defendant’s lien. No supersedeas bond was posted by plaintiff although an order granting supersedeas was rendered by the court at plaintiff’s request.
Appellant contends that the trial court erred in the construction placed by it upon two separate provisions of our tax statutes which compelled the conclusion that the tax deed under which plaintiff claims title is void and of no effect. We shall discuss separately the two grounds assigned by the court in support of the conclusion reached by it.
By its summary judgment the court found that a copy of the newspaper containing the advertisement of the tax certificate sale was not filed in the office of the clerk of the circuit court within ten days after the sale as required by F.S. Section 193.52, F.S.A. The inference arising from this finding is the conclusion that such irregularity was jurisdictional in character rendering the tax certificate void and therefore no valid predicate for the tax deed under which appellant claims title. The section of the statute referred to by the trial court in its judgment is in pertinent part as follows:
“A copy of the newspaper containing the advertisement shall be filed in the office of the clerk of the circuit court within ten days after said sale * *
In discussing the provisions of our statutes relating to the issuance and sale of tax certificates and tax deeds, our Supreme Court, in Ozark Corporation v. Pattishall,[1] *90 distinguished between those statutory provisions which are intended to be directory only from those which are mandatory and jurisdictional. In that decision the court said:
“A failure to comply strictly with those provisions of tax laws which are intended for the guidance of officers in the conduct of business devolved upon them, designed to secure order, system and dispatch in proceedings, and by a disregard of which the right of parties interested cannot be injuriously affected, will not usually render the proceedings void; but where the requisites prescribed are intended for the protection of the citizen, and to prevent a sacrifice of his property, and a disregard of them might and generally would affect his rights, they cannot be disregarded and a failure to comply with them will render the proceeding invalid. * * * ”
In construing the statutory progeniture of present Section 193.52 relating to the issuance of tax certificates, the Supreme Court, in the Ozark Corporation case, also said:
“ * * * Notice of the tax sale itself is simply a statutory regulation of the subject. (See Sec. 969, C.G.L., Perm. Supp., 1936.) It is designed more to produce buyers at the sale for the benefit of the state’s revenues than it is to protect any right of the delinquent taxpayer, since the delinquent taxpayer can lose nothing of a final or conclusive nature through the mere issuance of a tax sale certificate on his land. This is so, because the tax sale certificate after issuance must be held for at least two years, during which time the taxpayer has open to him all the processes of the courts by which to challenge its validity, if invalid, as well as the opportunity to redeem his land from it, if valid. State ex rel. Ranger Realty Co. v. Lummus, 111 Fla. 746, 149 So. 650.”
From the foregoing we are of the view that the statutory requirement that a copy of the newspaper containing the advertisement of the tax sale be filed in the office of the clerk of the circuit court within ten days after the sale is directory only, is designed to produce buyers at the sale and was never intended as a protection to the rights of the delinquent taxpayer. It therefore follows that the provision which .requires that a copy of the advertisement of the tax sale be filed in the office of the clerk of the circuit court within the time specified in the statute is neither mandatory nor jurisdictional, and failure to comply with it will not affect the validity of the tax certificate, nor of a tax deed issued thereon. The court’s holding to the contrary in the case sub judice must be held to be erroneous.
The second ground assigned by the trial court for holding that plaintiff’s tax deed is void is predicated upon the finding that the proof of publication of the notice provided by F.S. Section 194.20, F.S.A., was not filed by the clerk of the circuit court in his office on or before the date fixed for the making of the sale as required by F.S. Section 194.17, F.S.A. The section of the statute referred to by the court is as follows, to wit:
“Proof of the publication or posting of the notice provided for in § 194.20 shall be filed by the clerk of the circuit court in his office on or before the date fixed for the making of the sale. Where there is no newspaper the clerk shall execute and file in his office a certificate as to the posting of such notices, stating where and on what dates the notices were posted.”
The above-quoted provision would, if legally efficacious, relate to the proof of publication of a notice of application for a tax deed. In Gilliam v. Saunders [2] a dissenting opinion was rendered which expressed the view that because of the reasons *91 therein stated, F.S. Section 194.17, F.S.A., was a non sequitur and of doubtful validity. The opinion further held that if the statute could he considered valid, the requirement that the proof of publication of the notice for application of tax deed be filed in the office of the clerk of the circuit court on or before the date fixed for the making of the sale was directory only, and was not a mandatory jurisdictional prerequisite to the issuance of a valid- tax deed. The majority opinion in the Gilliam case was reviewed by the Supreme Court and quashed. The dissenting opinion in that case was adopted by the Supreme Court as the prevailing law in Florida.[3] On the authority of the Saunders decisions it must be held that the trial court’s ruling in the case sub judice that the filing of the proof of publication in the office of the clerk of the circuit court on or before the day of the tax sale was a jurisdictional prerequisite to the validity of appellant’s tax deed was erroneous and must be reversed. In fairness to the trial court, it must be pointed out that the summary judgment which is the subject of this appeal was rendered subsequent to and in conformity with this court’s majority opinion in Gilliam v. Saunders, and prior to its quashal by the Supreme Court when later reviewed by certiorari.
Appellee raises the point that because of appellant’s failure to supersede the summary judgment appealed herein, the foreclosure decree in its favor was executed and the property sold at a foreclosure sale. Appellee therefore asserts that the questions raised by appellant on this appeal are moot and he is not entitled to restitution even though the judgment may be held to be erroneous. This contention has been considered by the appellate courts of this state and found to be without merit.[4]
For the reasons hereinabove stated the summary final judgment appealed herein is reversed and the cause remanded with directions that the decree quieting plaintiff’s title to the land involved herein be rendered in accordance with the prayer of his complaint, and that the decree of foreclosure and sale be set aside and held for naught.
CARROLL, DONALD K., and RAWLS, JJ-, concur.

. Ozark Corporation v. Pattishall, 135 Fla. 610, 185 So. 333, 335, 336.

. Gilliam v. Saunders, 200 So.2d 588 (Fla.App.1967).

. Saunders v. Quantrell, 206 So.2d 645 (Fla.1968).

. Mann v. Thompson, 118 So.2d 112 (Fla.App.1960); Crown Corporation v. Robinson, 128 Fla. 249, 174 So. 737; Mar-shall & Spencer Company v. Peoples’ Bank of Jacksonville, 88 Fla. 190, 101 So. 358.