296 So.2d 495 (1974)
Henrietta SILVERMAN, Appellant,
v.
Herman R. LICHTMAN, Appellee.
No. 74-289.
District Court of Appeal of Florida, Third District.
June 18, 1974.
Norman S. Solomon, Miami, for appellant.
Ben Lawson, Coral Gables, for appellee.
Before BARKDULL, C.J., and PEARSON and CARROLL, JJ.
CARROLL, Judge.
These parties, formerly married, were divorced. Thereafter the appellant Henrietta Silverman filed this action against the appellee Herman R. Lichtman, for recovery of claimed indebtednesses. The defendant-appellee *496 counterclaimed for certain amounts alleged to be due to him from the appellant in the aggregate sum of $3,461.64. Appellant voluntarily dismissed her claims therein against the appellee.
In support of his counterclaim the appellee caused to be issued a writ of garnishment prior to judgment. Incident thereto, the counterclaimant in his motion for writ of garnishment stated that the debt for which counterclaiment sued therein was just, due and unpaid (§ 77.031(1) Fla. Stat., F.S.A.) and filed a bond (a cash bond in this instance), conditioned as provided for by § 77.031(2) Fla. Stat., F.S.A. "to pay all costs and damages which defendant sustains in consequence of plaintiff's improperly suing out the writ of garnishment." The garnishee by answer admitted indebtedness to the appellant for $3,355.69, representing the balance due from him to the appellant on a certain mortgage. On motion of the garnishee an order was entered permitting him to deposit the said sum of $3,355.69 in the registry of the court, which was then done; and the court ordered the said mortgage was thereby satisfied.
A default judgment was entered against the plaintiff-appellant on the counterclaim, as a sanction for her failure to answer interrogatories. Thereby judgment was granted in favor of the counterclaimant Lichtman against the appellant for $3,461.64; the clerk was ordered to pay to Lichtman as partial satisfaction of the judgment the amount of $3,355.69 which had been deposited in the registry of the court by the garnishee; and the clerk of the court was ordered to return to Lichtman the $7,000 cash garnishment bond he had posted.
Thereafter the appellant moved for relief from the judgment, under Rule 1.540 FRCP, 31 F.S.A., based on a provision of her property settlement agreement by which the items claimed by the counterclaimant appeared to have been released. The trial court denied the appellant's motion. On her appeal therefrom this court reversed the order denying relief from the judgment (285 So.2d 632). Mandate thereon was filed in the circuit court on December 13, 1973.
The appellant filed two motions for the counterclaimant to be required to make restitution, following the reversal and remand. One was a motion to require that the garnishment bond be reinstated by the appellee. The other was a motion by the appellant for restitution to her of the amount which the counterclaimant had received in partial payment of the final judgment, being the amount which the garnishee had deposited in the circuit court, $3,355.69, plus accrued interest.
The appellant was entitled to require restitution. Florida East Coast R.R. Co. v. State, 77 Fla. 571, 82 So. 136, 138; Mann v. Thompson, Fla.App. 1960, 118 So.2d 112. This included reinstatement of the bond, in order that the same should remain available for the purposes for which by statute it was required to be posted, in the event it should finally be determined that the garnishment was improperly issued.
In ordering restitution the court did not require the reinstatement of the garnishment bond. Restitution of the amount received on the judgment was made by ordering Lichtman to pay to the appellant the said sum of $3,355.69 with interest at 6% per annum from May 15, 1973, allowing the appellee 180 days within which to make such restitution payment.
On this appeal by Henrietta Silverman from that order, she contends the court erred in refusing to require reinstatement of the garnishment bond and by allowing more than a reasonable time for repayment of the money. The appellant had requested that the reinstatement be ordered to be made within 30 days.
We find merit in those contentions of the appellant. For the reason stated above, we hold that upon remand of the *497 cause an order should be entered requiring the counterclaimant to reinstate the garnishment bond. Reinstatement by a judgment creditor of monies received on a judgment which subsequently is reversed should be required to be done within a reasonable time. In this situation 180 days was more than a reasonable time within which to make such reinstatement. As more than half of that period has elapsed prior to this decision, upon remand of the cause an order should be entered requiring such payment to be made by the appellee to the appellant within a period of ten days.
For the reasons assigned, the order appealed from is reversed, and the cause is remanded for further proceedings consistent herewith.