PER CURIAM.
Appellant appeals the trial court’s grant of a final summary judgment of mortgage foreclosure to appellees. We agree that there was error and reverse. The facts are complex. Appellees were the owner/landlords and Sandpiper Properties, Inc., the tenants of a building under a lease which expired December 1,1975. This lease granted Sandpiper an option to renew the lease for 50 years. Sandpiper subleased part of the leased premises to appellant for his business for a term expiring on November 30, 1975; this sublease contained an option to renew for 25 years if Sandpiper renewed its lease for at least 25 years. In 1970, Sandpiper exercised its right to renew the primary lease for 50 years. In February, 1974, however, Sandpiper conveyed its leasehold estate to OMAA Investments, Ltd., expressly subject to appellant’s sublease. On the same day, appellees conveyed their fee interest to OMAA and took back OMAA’s note and purchase money mortgage. After OMAA thus acquired both Sandpiper’s primary lease and appellees’ fee — the stated purpose of which was to merge the lease into the fee — appellant remained in possession under his sublease and made monthly lease payments to OMAA. On January 23,1975, within the term of the sublease expiring December 1, 1975, appel *421 lant gave OMAA notice that he chose to renew for 25 years, according to the terms of the sublease. In August 1976, after OMAA defaulted in payment of its purchase money note to appellees, appellees brought suit to foreclose their mortgage against all other interests.
OMAA did not contest the foreclosure of its fee interest. The only significant issue is whether the lien of appellees’ purchase money mortgage is superior to appellant’s asserted right to a renewed leasehold term for 25 years following December 1, 1975. Upon appellees’ motion for summary judgment, the trial court found as a matter of law that the lien of appellees’ mortgage is superior to appellant’s extended leasehold claim because the primary lease, previously held by Sandpiper, was merged in OMAÁ’s fee by its conveyance to OMAA, thereby dissolving the extended 50-year leasehold term previously opted for by Sandpiper and destroying the prerequisite for appellant’s later exercise of a right to renew his sublease for a 25-year term following December 1, 1975. On rehearing the trial court stated the rationale of its summary judgment for appellees as follows:
“1. In February, 1974, there was a merger of the primary leasehold estate into the fee simple title of defendant, OMAA Investments, Ltd., extinguishing the primary lease subject only to the right of possession of the sub-lessee and defendant, Larry Lonergan, until December 1, 1975, being the end of the term of the sub-lease.
“2. Said merger acted to repudiate and negate the primary lessee’s previous notice of exercise of option to renew the primary lease.
“3. The said sub-lessee’s attempt to renew his sub-lease by notice given on or about January 22, 1975, being after the said merger, was ineffective, and neither the primary lease nor the sub-lease was subject to renewal after the aforesaid merger.”
Appellant claims on this appeal that merger does not occur when there is some intervening estate or when the interests of third parties are adversely affected. Therefore, he claims, the fact that OMAA Investments obtained the leased fee from appellees did not extinguish his (appellant’s) right to renew his sublease. After a careful review of the record and relevant authorities, we agree that the doctrine of merger was improperly and inequitably applied on these facts. It is clear that Sandpiper exercised its right to renew the primary lease in 1970, four years before the leasehold and fee converged. This exercise of the renewal option vested in appellant the right to renew his sublease under the terms of the sublease. We do not believe the subsequent transaction between appellees and OMAA Investments had the effect of robbing appellant of his vested right to renew. While it is true that normally a tenancy for years merges into and is extinguished by a freehold estate when they are held by one person at one time, the general rule is that merger will not be allowed where it defeats or prejudices the rights of innocent third parties, or where there is an intervening estate. See Goldberg v. Tri-States Theatre Corp., 126 F.2d 26 (8th Cir.1942); Mobley v. Harkins, 14 Wash.2d 276, 128 P.2d 289 (1942). See also 28 Am.Jur.2d, Estates, § 381-82 and cases cited therein; 31 C.J.S. Estates § 124 and cases cited therein; and Annotation, Merger of Estate for Years in Fee or Lesser Estate, 143 A.L.R. 99, 103 (1943).
We do not hold that there are no equities which would permit the chancellor, upon a trial, to subjugate appellant’s asserted leasehold interest to the lien of appellees’ mortgage. It may be that appellees conveyed the fee to OMAA, and took back OMAA’s purchase money mortgage, without notice of appellant’s then unrecorded sublease and its provision for renewal for 25 years beyond its term. Yet Sandpiper’s conveyance of the primary leasehold to OMAA, recorded almost simultaneously with OMAA’s mortgage to appellees, recited the existence of appellant’s lease. Appellant’s occupancy of the premises afforded further notice. We do not further labor the point that factors may appear upon a *422 trial which vary the result. On this record, we hold only that summary judgment for appellees was erroneously entered.
REVERSED.
McCORD, C. J., and SMITH and MELVIN, JJ., concur.