CAMPBELL, Judge.
Appellant, Wen-Dic Construction Company, Inc., seeks review of the trial court’s order cancelling appellant’s mechanic’s lien and setting aside a lis pendens against the property of Mainlands Construction Company, Inc., appellee. We reverse.
Although numerous points were raised on appeal, we discuss only one issue. The question addressed is whether the trial court erred in dismissing amended count I of appellant’s counterclaim on the ground that it was untimely under section 713.-21(4), Florida Statutes (1983).
The following facts are relevant to this appeal.
Following a dispute over a site development contract, appellee, the owner of the improved property, refused to pay the final draw. Appellant filed a claim of lien on February 11, 1983, less than ninety days after the completion of the last work on the project. See § 713.04, Fla.Stat. Appellant also fulfilled the other procedural requirements of the mechanic’s lien statute. See § 713.06, Fla.Stat.
On March 24, 1983, appellee filed suit against appellant seeking discharge of the mechanic’s lien pursuant to section 713.21. Appellant answered and filed affirmative defenses. Appellant also filed a counterclaim requesting foreclosure of the mechanic’s lien in count I.
Appellee filed a motion to dismiss the counterclaim, claiming appellant had no standing to foreclose on the mechanic’s lien following an assignment of appellant’s interest to the Great American Bank. The trial court dismissed the counterclaim with leave to amend. Appellant filed an amended counterclaim, referred to the reassignment of its interest from the Great American Bank, and again sought foreclosure of the mechanic’s lien in amended count I. We note, at this juncture, that contrary to the trial court’s finding, the assignment of appellant’s interest in receivables from ap-pellee for security purposes, did not transfer the mechanic’s lien to the assignee. See Hunt Truck Sales and Service, Inc. v. Holopak Village, 363 So.2d 27 (Fla. 4th DCA 1978), cert. denied, 370 So.2d 459 (Fla.1979).
Appellee next filed a motion to dismiss the amended count I of appellant’s counterclaim on the ground that appellant was barred from foreclosing on the lien under section 713.21(4). Under section 713.21(4), after a complaint for discharge of a mechanic’s lien has been filed, the lienor must show cause, within twenty days, why the lien should not be cancelled or vacated. The amended count I of the counterclaim was filed more than twenty days after the complaint for discharge of the lien.
The trial court, in a corrected order, dismissed amended count I of appellant’s counterclaim, discharged the lien, and set aside the lis pendens.
Appellant argues that the trial court erred in determining that appellant did not respond to the complaint to discharge the lien within the twenty-day requirement of section 713.21(4). We agree.
Appellee’s complaint to discharge the lien was filed March 24, 1983. Appellant’s counterclaim seeking foreclosure of the mechanic’s lien was filed April 5, 1983, well within the twenty-day limitation period of section 713.21(4). We note the counterclaim seeking to foreclose the mechanic’s lien is a proper means to avoid cancellation of the lien under section 713.21(4). Goldberger v. United Plumbing & Heating, 358 *1189 So.2d 860 (Fla. 4th DCA 1978). The subsequent dismissal of the original counterclaim with leave to amend did not cause the amended count I, filed more than twenty days after the complaint, to be untimely under section 713.21(4). The general rule is that amendments relate back to the date of the original pleading where the amended pleading arises from the same transaction or conduct. Fla.R.Civ.P. 1.190(c). Even where there is a change in the legal theory upon which the action is brought, or in the legal description of the rights to be enforced, the amendment relates back if it is based on the same factual situation. Keel v. Brown, 162 So.2d 321 (Fla. 2d DCA 1964).
These general principles of procedure apply in mechanic’s lien cases despite the rigid requirements of the mechanic’s lien statute. See, e.g., Scarfone v. Marin, 442 So.2d 282 (Fla. 2d DCA 1983) and B & H Sales, Inc. v. Fusco, Corp., 342 So.2d 105 (Fla. 2d DCA 1977).
Here, appellant’s amended count I of the counterclaim merely realleged the basis for standing and again requested foreclosure of the mechanic’s lien based on exactly the same factual situation as the original counterclaim. Accordingly, the amendment related back to the timely original counterclaim so that 713.21(4) does not bar appellant’s action.
Accordingly, we find that the trial court erred in dismissing the amended count I of appellant’s counterclaim and, based on that dismissal, discharging appellant’s mechanic’s lien and setting aside the lis pendens.
Both parties have filed motions for attorney’s fees in this appeal, pursuant to section 713.29, Florida Statutes (1983). Since appellant is the prevailing party in this appeal, we construe section 713.29 to provide that it should be awarded attorney’s fees for this appeal, regardless of the final outcome of the mechanic’s lien foreclosure below. Accordingly, we award such fees and direct the trial court to set the amount of the fee upon remand.
Reversed and remanded.
DANAHY, J., concurs.
SCHEB, A.C.J., concurs in part and dissents in part with opinion.