528 So.2d 63 (1988)
Abe BAUM, Individually, and As Trustee, Appellant,
v.
Ardis HEIMAN, Appellee.
No. 86-2716.
District Court of Appeal of Florida, Third District.
July 5, 1988.
Rehearing Denied August 3, 1988.
Eliot R. Weitzman, Miami, for appellant.
Hershoff & Levy and Jay Levy, Miami, for appellee.
Before SCHWARTZ, C.J., and BARKDULL[*] and NESBITT, JJ.
NESBITT, Judge.
Abe Baum appeals a final judgment granting Ardis Heiman restitution. We reverse.
Baum lent Heiman and her husband $40,000 which was evidenced by a promissory note. After her husband died, Heiman defaulted on the loan. Baum filed an action against her and obtained a judgment which he recorded, thereby obtaining a lien on a condominium held in her name. Another creditor, Capital Bank, also received a judgment against her which it recorded. Heiman then filed a petition in probate court to have the condominium declared her husband's homestead property in order to protect it from the many creditors who had been attracted by the probate of his estate. That court ruled that the property was not his homestead because record title was not in his name.
The condominium was sold and Baum's and Capital Bank's judgments were satisfied. Heiman appealed the probate court ruling but named only Capital Bank as a party. In Heiman v. Capital Bank, 438 So.2d 932 (Fla. 3d DCA 1983), motion denied, 447 So.2d 885 (Fla. 1984), this court reversed holding that Heiman was entitled to demonstrate that her husband retained a beneficial interest in the unit sufficient to have it designated homestead even though only her name appeared in the deed. On remand, the trial court concluded that the husband had retained a beneficial interest in the property; therefore, the condominium was entitled to homestead protection. Heiman later filed the action against Baum upon which this appeal is based, seeking restitution of the money paid him in satisfaction of his judgment. The trial court concluded that Baum had been improperly allowed to have his judgment satisfied from the proceeds of the sale of the unit "under the mistaken belief that the apartment was not homestead." Therefore, restitution was ordered. Baum now appeals.
The general rule is that one who surrenders property under an erroneous judgment is entitled to be restored to all that he has lost in the event of a reversal of the judgment. State ex rel. Hill v. Hearn, 99 So.2d 231 (Fla. 1957); Silverman v. Lichtman, 296 So.2d 495 (Fla. 3d DCA *64 1974); Mann v. Thompson, 118 So.2d 112 (Fla. 1st DCA 1960). However, such restitution is appropriate against the party who prevailed under the erroneous judgment or decree, not third parties, as is Baum. Simms v. City of Tampa, 52 Fla. 641, 42 So. 884, 885 (1906). As the supreme court held in Sundie v. Haren, 253 So.2d 857, 859 (Fla. 1971): "[T]he person required to make restitution [must have been] connected with the litigation. It is settled law that reversal of the decree on appeal does not affect the rights under that decree as to persons who were not parties to the appeal." Therefore, Baum cannot be liable for the money he received in satisfaction of his judgment because he was not a party to any of the proceedings pertaining to Heiman's claim of homestead for the condominium.
Accordingly, we reverse the trial court's order granting restitution to Heiman.
NOTES
[*] Judge Barkdull did not participate in oral argument.