THREADGILL, Judge.
The appellant, Florida National Bank [hereinafter Florida National], plaintiff below, seeks review of a final judgment which denied recovery on a bond substituted by One Phillips Center, Ltd. and Fidelity and Deposit Company of Maryland, defendants below, [hereinafter Phillips and Fidelity], for a mechanic’s lien. The basis of the court’s ruling was that Florida National had not received a valid assignment of the mechanic’s lien. We reverse and remand for further proceedings.
On August 21, 1985, Steger’s Trucking, Inc. [hereinafter Steger’s], a subcontractor, recorded a mechanic’s lien pursuant to section 713.06, Florida Statutes (1985), against Phillips, the owner, to recover $48,606.50 for services performed. Shortly thereafter, Steger’s assigned all of its right, title, and interest in accounts receivable to the appellant, Florida National. In order to release its realty from the mechanic’s lien, Phillips had the lien transferred to a surety bond insured by Fidelity. See § 713.24, Fla.Stat. (1985).
On April 15, 1986, Steger’s filed suit against Phillips to collect the $48,606.50 due on open account and against Fidelity to enforce the bond securing the debt. While the suit was still pending, Steger’s filed for bankruptcy. The judge in bankruptcy issued an order on November 6, 1987, authorizing Florida National to “collect the account receivable regarding that certain case, Steger’s Trucking, Inc. v. One Phillips Center, Ltd.”
On October 28, 1987, Florida National filed a motion to substitute for Steger’s as party plaintiff in the lawsuit, alleging: “The trustee in Bankruptcy has abandoned his interest on [sic] the instant cause of action, and FLORIDA NATIONAL BANK now stands in the shoes of [Steger’s] with respect to the instant action.” Neither Phillips nor Fidelity objected, and the trial court granted the motion on December 4, 1987, ruling, “the Plaintiff shall be designated as Florida National Bank, successor in interest to Steger’s Trucking, Inc.” [sic].
In May 1988, on the morning of the bench trial, Fidelity moved to dismiss the action to enforce the lien against the bond on the ground that Florida National had not received a valid assignment of the lien from the trustee in bankruptcy. The trial court reserved ruling, denied Florida National’s motion for continuance, and proceeded to hear evidence in the action on the account receivable. At the conclusion of the trial, the judge dismissed the action on the bond but granted judgment for Florida National on the open account.
Florida National moved for rehearing, attaching a second order of the bankruptcy court which clarified the first by stating that the court’s assignment of receivables included the right to pursue the action on the bond, and concluding:
ORDERED AND ADJUDGED that [Florida National] is deemed an assignee of the above referenced claim of lien held by [the subcontractor]; is authorized to pursue [the subcontractor’s] claim of lien against 1 Phillips. Center, Ltd., and effectively standfs] in the Debtor’s shoes, subject to the estate’s right to any recovery in excess of Florida National Bank’s secured claim.
The motion for rehearing was denied.
The trial court entered final judgment denying Florida National relief against the bond, cancelling the bond, granting judgment in favor of Florida National against Phillips on the open account, and reserving jurisdiction to assess attorney fees and costs. Following a hearing, the trial court awarded Fidelity attorney fees of $7,500.00. This appeal timely challenges the judgment and the award of attorney fees.
It is apparent from the record that in finding the assignment of lien issued by the bankruptcy trustee ineffective, the trial court relied on Hunt Truck Sales and Service, Inc. v. Holopak Village, 363 So.2d 27 (Fla. 4th DCA 1978), cert. den., 370 So.2d 459 (Fla.1979), and Wen-Dic Construction Co. v. Mainlands Construction Co., 463 So.2d 1187, 1188 (Fla. 2d DCA 1985), ap *953 proved in part and quashed in part, 482 So.2d 1369 (Fla.1986). Both cases hold that a security interest in an account receivable is not an assignment of the mechanic’s lien securing it.
We have examined the record and conclude that both Hunt and Wen-Dic may be distinguished on their facts. In the instant case the security agreement between Steger’s and Florida National expressly provides that:
[The subcontractor] hereby assigns and grants to [Florida National] a security interest in all of its Receivables....
The terms “Receivable” means and includes accounts, contract rights ... and all [the subcontractor’s] right, title, security and interest including guaranties with respect to each Receivable ....
The bankruptcy court acknowledged the scope of this definition of receivables in its second order: “Florida National Bank’s security agreement with the Debtor, and its security interest in the Debtor’s account receivable pursuant thereto, includes an express assignment of such account receivables which are defined to include a certain claim of lien which is the subject matter of [the instant case].”
Furthermore, we feel that the first order of the bankruptcy judge effectively declared Florida National the successor to Steger’s interest in the lawsuit. Title 28 United States Code Service § 1334(d) (Supp.1987-1989), confers exclusive jurisdiction on United States district courts over all of the debtor’s property. Any cause of action which has accrued to the debtor as of the filing of the petition in bankruptcy is property of the estate. 11 U.S.C.S. § 541(a) (1986).
In brief, we conclude that the security agreement, interpreted together with the two orders of the bankruptcy court, encompasses the right to enforce the bond substituting for the lien which secured the account receivable. In so holding, we find that the trial court erred in determining that the assignment of the lien was invalid and therefore in entering final judgment on the bond in favor of Fidelity. We also find that the court erred in cancelling the bond and in awarding attorney fees to Fidelity as successful litigant pursuant to provisions in the bond. We have considered and reject the appellees’ argument that the appeal is moot because they destroyed the bond following entry of the final judgment. See Silverman v. Lichtman, 296 So.2d 495 (Fla. 3d DCA 1974) and Mann v. Thompson, 118 So.2d 112 (Fla. 1st DCA 1960). We, therefore, reverse these portions of the final judgment and remand for trial on the bond enforcement action in count one. We affirm the entry of final judgment in favor of Florida National on the open account.
Reversed and remanded.
DANAHY, A.C.J., and FRANK, J., concur.