PER CURIAM.
This is an appeal by a condominium developer [Sky Lake Gardens Recreation, Inc.] from a trial court order, which was entered upon remand following an appeal to this court, denying the developer any rent and default interest on two condominium recreation leases which it held, as lessor, with two condominium associations [Sky Lake Gardens, No. 1, et al.], as lessees. The developer sought rent and default interest from the condominium associations for the period during which the prior appeal was pending in this court from a trial court order rescinding such leases, which rescission this court subsequently reversed as a concomitant to reversing the trial court’s simultaneous invalidation of the rent escalation clauses in the subject leases. See Sky Lake Gardens Recreation, Inc. v. Sky Lake Gardens Nos. 1, 3 & 4, Inc., 574 So.2d 1135 (Fla. 3d DGA), rev. denied, 581 So.2d 166 (Fla.1991).
We affirm the order appealed from because, simply stated, the developer requested the recreation lease rescissions in its counterclaim in the original action and cannot now recoup any self-inflicted losses caused by the rescission. Indeed, it is axiomatic that an appellant’s right to be restored to the status quo ante after an adverse order is reversed on appeal assumes that such order was imposed upon the appellant over its protest and certainly not, as here, at its request. See Marshall & Spencer Co. v. People’s Bank of Jacksonville, 88 Fla. 190, 101 So. 358 (1924); Baum v. Heiman, 528 So.2d 63 (Fla. 3d DCA 1988); Lonergan v. Lippman, 406 So.2d 1124 (Fla. 1st DCA 1981), rev. denied, 418 So.2d 1279 (Fla.1982); Mann v. Thompson, 118 So.2d 112 (Fla. 1st DCA 1960).
We recognize that the developer sought the subject rescission as a fail-back, alternative remedy so as to minimize its losses only in the event that the condominium associations were successful, as they were, in their main action to void the escalation clause of the recreation leases. Whatever the developer’s financial or other motivation may have been in seeking such rescission, however, the fact remains that the recreation leases were rescinded at its request and over the protest of the condominium associations. Plainly, no one forced the developer to file its rescission counterclaim; it did so on its own free will. This being so, the developer may not, in our view, recoup any losses caused by the rescission order which it requested.
Moreover, the fact that the condominium associations refused the developer’s request to agree, in effect, to a stay of the rescission portion of the final judgment and to pay unescalated rent during the penden-cy of the prior appeal • cannot change this result. The developer obtained the lease rescission below and has no one to blame but itself for any losses caused by such rescission; clearly, the condominium associations had no legal duty, as urged, to relieve the developer of such self-inflicted losses — especially where the associations opposed the rescission order in the first instance. Additionally, the developer could have, in fact, received the unescalated rent on the recreation leases during the penden-cy of the prior appeal if it had not filed and prevailed on its rescission counterclaim; this being so, it is hardly in a position to blame the condominium associations for not paying unescalated rent on recreation leases which the trial court rescinded at the developer’s request. Beyond that, the developer, pursuant to the rescission decree, thereafter locked out the members of the condominium associations from any use of the leased recreation facilities during the pendency of the appeal; to charge the associations rent and interest for the use of recreation facilities from which they were *1321 barred over their protest would be, in our view, particularly inequitable. The order appealed from is, in all respects, hereby
Affirmed.
HUBBART and FERGUSON, JJ., concur.