JORGENSON, Judge,
dissenting.
I respectfully dissent. Although Equity may lie on the side of the Associations, this case must be decided on the Law, which squarely entitles the lessor to rental payments for the period when the recreation leases were rescinded by the trial court.
Sky Lake Gardens Recreation, Inc. [lessor], owns recreation facilities at Sky Lake Gardens Condominium and rents those facilities to the Associations pursuant to 99-year leases.[1] In 1984, the Associations sued the lessor to declare invalid the rent escalation provisions of the leases. The lessor counterclaimed for rescission of the leases and restitution of the property if the trial court found the escalation clauses void. The trial court declared the escalation clauses invalid and rescinded the leases. The lessor moved to stay the judgment of rescission and offered to allow the Associations to continue to use the recreation facilities and pay only pre-escalation rent pending appeal of the final judgment. The Associations refused to pay any rent for the recreation facilities.[2] The lessor then installed a fence around the facilities and allowed only members of the associations that were paying rent to use them.[3]
This court reversed the trial court and held that the escalation clauses were valid. Sky Lake Gardens Recreation, Inc. v. Sky Lake Gardens, 574 So.2d 1135 (Fla. 3d DCA 1991). On remand, we directed the trial court to vacate the judgment that rescinded the leases and to revalidate the escalation clauses. Thereafter, the circuit court entered a “Final Judgment in Conformance with Mandate” awarding the lessor back rent and default interest under the leases. However, the trial court denied back rent and default interest during the time when the leases were rescinded.
In my view, the trial court erred in denying the lessor recovery of the rental payments and interest that accrued between entry of the erroneous final judgment and this court’s reversal of that judgment. When a ruling is reversed on appeal, the “cause after reversal [stands] as though no decree had been rendered.” Lonergan v. Lippman, 406 So.2d 1124, 1125 (Fla. 1st DCA 1981) (citations omitted), rev. denied, 418 So.2d 1279 (Fla.1982). In Lonergan, the trial court had entered a judgment against a lessee, terminating the lease. While the case was on appeal, the city razed the building, as the landlord had not posted a bond. On appeal, the judgment was reversed. The first district held that, once the judgment was reversed on appeal, the leasehold interest was not terminated and the lessee had a leasehold estate that was capable of being destroyed. 406 So.2d at 1125. Thus, the lessee could recover damages for the destruction of his leasehold estate as “[i]t would be unconscionable to allow a prevailing party in the trial court to destroy or dispose of the underlying property while the case was on appeal and then have no liability or responsibility to the other party when that final judgment was reversed and the loser was unable to restore the status quo.” Id. In this case, therefore, the lessor should be restored to the position it occupied before the trial court’s erroneous judgment by recovering rent and default interest that *1322 accrued while the leases were rescinded. “[0]ne who surrenders property under an erroneous judgment is entitled to be restored to all that he has lost in the event of a reversal of judgment.” Baum v. Heiman, 528 So.2d 63 (Fla. 3d DCA 1988). The judgment that declared the escalation clause void was erroneous; the judgment of rescission was likewise erroneous. Sky Lake Gardens, 574 So.2d at 1137. The judgment of rescission compelled the lessor to surrender the value of its leasehold estate, including the continuing right to receive a stream of rental payments pursuant to the leases. Although the lessor had sought the remedy of rescission, the choice was not merely strategic and should not bar recovery of rental payments during the period when the leases were rescinded. The lessor was compelled to seek rescission because a declaration that the escalation clauses were void eliminated an essential term of the lease agreement and required reformation of the contract.[4] See Wilderness Country Club v. Groves, 458 So.2d 769, 772 (Fla. 2d DCA 1984) (once trial court declared escalation clause of recreation lease void, rescission was proper, as escalation clause was essential term of contract, and severing that term “eliminates the essence of the contracting parties’ agreement”); see also Sky Lake, 574 So.2d at 1137 (escalation clause indispensable contract term of these leases).
The Associations complain that the lessor should not recover the rental payments for the period in question as it had denied the Associations the use and enjoyment of those premises during that time. However, the Associations themselves created that situation by refusing to pay the lessor any rent at all, even at the pre-escalation rates that the lessor was willing to accept pending appeal of the final judgment, and that the Associations themselves had demanded in their complaint. At no time did the Associations challenge the pre-escalation rates. The lessor could hardly be expected to allow the Associations to use the recreation facilities rent-free while the other Associations that had either settled with the lessor or had not participated in the litigation from the outset continued to make rental payments and continued to use the facilities.
Accordingly, the order of the trial court should be reversed and remanded with directions to amend the final judgment to include rental payments (at the escalated rate) and default interest that accrued following the final judgment and pending appeal.

. The condominium associations that were involved in the initial litigation are Sky Lake Gardens Nos. 1, 3, and 4 and are collectively referred to as "the Associations.”

. In the briefs, the parties disagree over whether the Associations opposed the motion for a stay of the judgment granting rescission. The motion itself is in the record and clearly indicates that the lessor offered to accept rent at the pre-escalation rate. The hearing on the motion for stay was not reported. What remains uncontro-verted, however, is that the lessor offered to accept the rolled-back rental rate and that the Associations refused to pay any rent whatsoever.

. Throughout this period, the facilities remained open to Sky Lake Gardens No. 2 which was not a party to the litigation, and to Sky Lake Gardens No. 4 which had entered into a stipulation for settlement prior to this appeal.

. At oral argument, counsel for the Associations conceded that the counterclaim for rescission was a compulsory counterclaim.