H. W. HOLLAND, *Appellant*, vs. JAMES H. McGILL, *Appellee*.
145 So. 210.
Opinion filed December 21, 1932.

*Lawrence D. Childs* and *Merle L. Cook*, for Appellant; *Carey & Askew*, for Appellee.

Davis, J.—There was a foreclosure case pending in the Circuit Court of Pinellas County which was dismissed at final hearing, on August 5, 1929. On September 5, 1929, Blanche Weedon and Leslie W. Weedon, two of the defendants in the dismissed suit, filed an *ex parte* petition with the Circuit Court, praying that the sum of $445.40 held by the clerk as assets of another defendant, Boulevard & Bay Land & Development Company, subject to the order of the Court, be paid over to the petitioning defendants. The Chancellor to whom that petition had been presented, ordered the clerk to pay the money in question to the petitioners. The money was thereupon paid over to H. W. Holland, Esq., the appellant in the case, as attorney of record for the petitioning defendants, Blanche Weedon and Leslie W. Weedon.

On October 18, 1930, the decree dismissing the original foreclosure proceedings was reversed by this Court, the mandate being dated December 3, 1930. See McGill v. Boulevard & Bay Land & Development Co., 100 Fla. 906, 130 Sou. Rep. 460. Pursuant to that reversal, the dismissed bill was reinstated in the Court below, and on February 24, 1931, final decree of foreclosure was entered. The foreclosure decree was operative against the defendants Blanche Weedon and Leslie W. Weedon, her husband, as to the costs of court amounting to $240.37, for which amount execution was ordered to issue.

On April 23, 1931, James H. McGill, the successful complainant in the foreclosure case, presented a petition to the Chancellor, directed against H. W. Holland, Esq., who was not a party to the cause, but who had appeared simply as counsel of record for the defendants, Weedon and wife. The object of the petition was to revoke the order Holland had obtained for his clients, the Weedons, nearly two years before, by virtue of which they had been allowed to with-

draw from the registry of the Court, the sum of $445.40 hereinbefore mentioned.

By an order dated May 26, 1931, attorney Holland was ordered to show cause why the prayer of revocation should not be granted, and why he, personally, should not be required to pay back to the Clerk of the Circuit Court, the sum of $445.40, with interest from September 4, 1929, in order to restore the disputed fund to the registry of the Court, since the dismissal decree in the foreclosure case, which had occasioned the withdrawal, had been reversed on appellate proceedings.

Holland resisted the order sought against him, and objected to the procedure by which he was sought to be charged with liability for repaying funds into Court, which he had withdrawn on behalf of his clients and paid over to them afterward. The Court, on September 3, 1931, overruled his protests and entered an order, as of the date, requiring Holland to repay to the Clerk the sum of $445.40, with interest at 7%, from September 5, 1929, said sum being by the last mentioned order, directed to be held and kept by the Clerk of the Circuit Court until its disbursement should be judicially determined by subsequent order. This order was revoked.

The Weedons were judgment creditors of their co-defendant Boulevard & Bay Land Development Company. The real contest about the fund in Court was whether it should be disbursed to the Weedons, as judgment creditors, or to the complainant in Foreclosure, James H. McGill. An issue between the contestants having been made, the Chancellor on January 8, 1932, entered another order directing Holland, the attorney, to pay back into the registry of the Court, the sum of $445.40, together with $15.00 costs of Court. This order recited that it was made because Holland had obtained the money by order entered before the decree dismissing the foreclosure suit had become abso-

lute, and that therefore the respondent, Holland, having been erroneously allowed to take the money from the registry of the Court, should be ordered to repay the same, since the final decree of dismissal in the foreclosure case had been reversed and a decree for complainants entered instead.

The present appeal is by Holland, from the order of January 8, 1932, directing him to pay back into the registry of the Court the sum of $445.40 which he had obtained for his clients, the Weedons, by virtue of the order of September 4, 1929, prior to the reversal and the final decree dismissing the foreclosure suit as to said clients.

Whatever may be the rights of a successful appellant to have an order of restitution entered in his favor to restore to him his rights in money or property of which he had been deprived by an erroneous decree that has been entered against him, and later set aside or reversed,* it is certain that no such order can be entered against a mere attorney of record, summarily requiring him to personally make restitution for moneys he has obtained for the benefifit of his clients, and thereafter delivered over to them pursuant to such erroneous order, there being no fraud or contempt charged in connection with the procurement of the erroneous order under which the money has been directed to be paid out. This, at least, is the rule in cases where it has not been made to appear that the funds obtained still remain in the attorney's hands as the moneys of his client. See 4 C. J. 1237 for a statement of the general rule applicable to proceedings for restitution on reversal of judgments or decrees.

The evidence in the present case discloses that whatever moneys were turned over to Holland by the Court order of

---

*A doctrine which has been discussed with approval by this Court in the following cases: Florida East Coast Ry. Co. vs. State, 77 Fla. 571, 82 Sou. Rep. 136; Hazen v. Smith, Judge, 101 Fla. 767, 135 Sou. Rep. 813.

September 4, 1929, were turned over to him acting as agent and attorney for his clients. There is no showing that so far as Holland was concerned, that any moneys belonging to his clients, the Weedons, remained in his hands, as such, at the time the order of restitution herein was made.

Conceding that the order of September 4, 1929, by which the moneys were paid out on order of the Court, was entirely erroneous as contended for by counsel for the successful complainant in the foreclosure case, the right of restitution which would arise against the Weedons in such complainant's behalf, by reason of that circumstance, does not extend to an imputation of liability against Holland, who represented them as a mere attorney of record.

Under the doctrine of restitution an attorney cannot legally be required to personally make good the damages occasioned by an erroneous judicial order, even though such attorney induced the error to be committed by the Court, especially in cases where no fraud or bad faith on his part is shown to have been practiced in connection therewith, and no funds belonging to his clients remain in his hands out of which to satisfy the order of restitution. To hold otherwise would make the practice of law one of such hazardous financial responsibility that few men would care to incur the risk of its practice, since *nisi prius* Judges like other Judges are human beings, and errors will from time to time be made by them, because of the insistence of lawyers, against reversal of which errors no foresight nor precaution taken could adequately guard, other than a gift of prevision concerning the ultimate decisions of the appellate courts that might become vested with jurisdiction to correct the errors of such *nisi prius* Judges.

We find nothing in the present record to show that the appellant attorney, H. W. Holland, acted at any time in bad faith, or that he was shown to have retained any moneys of his clients, the Weedons, in his hands, which

he could have paid out to make the required restitution to the registry of the Court, of the sum of money he had been ordered to pay. Therefore the order appealed from should be reversed with directions to dismiss the rule, as against the attorney Holland, personally, and it is so ordered.

Reversed with directions.

WHITFIELD, P.J. AND TERRELL, J., concur.

ELLIS, J., concurs specially.

Filed under Rule 21-A.

ELLIS, J., concurring.—I agree to the conclusion reached by my Associate, MR. JUSTICE DAVIS, but I think that the statement of the case should be amended to conform more strictly to the record. I think the statement should affirmatively show that the order of August 5, 1929, dismissing the bill to foreclose the mortgage expressly found the equities to be with Leslie W. and Blanche W. Weedon and that they were entitled to the relief prayed for in their answer; that on September 4, 1929, the Weedons petitioned the court for an order permitting them to withdraw the sum of $445.40, which during the progress of the cause had been deposited by them in court subject to its order. On that day the court ordered the money to be paid over to the Weedons. The money was received by Mr. Holland, as attorney for the Weedons and he paid it over to them.

On September 16th, twelve days after this transaction, the complainant appealed to the Supreme Court from the order of dismissal. That appeal on October 30, 1929, was dismissed. Then on November 2, 1929, another appeal was taken and the decree of dismissal was reversed, as stated in the opinion.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.