80 So.2d 362 (1955)
Leonard Alton WALL, Petitioner,
v.
Peggie JOHNSON, Respondent.
Supreme Court of Florida. Special Division A.
May 13, 1955.
Jack Kehoe, Miami, for petitioner.
Ginsberg & Pelle, Miami, for respondent.
TERRELL, Justice.
In January 1954, Peggie Johnson, the respondent, secured a final decree in the Circuit Court of Dade County adjudicating that Leonard Alton Wall, petitioner, was the father of her illegitimate child, Leonard Alton Wall, Jr., born July 23, 1943. The final decree required petitioner to pay respondent $50 per month, beginning January 19, 1954, for support, care and maintenance of said minor child, and that he forthwith pay the firm of Ginsberg & Pelle the sum of $500 for legal services rendered respondent. *363 Costs in the sum of $16.90 were also taxed against petitioner, all of which amounts including twelve monthly payments on support and maintenance were paid to respondent's attorneys. On appeal to the Supreme Court, the judgment of the Circuit Court was reversed and the cause ordered dismissed on the ground that it was barred by the statute of limitations. Wall v. Johnson, Fla., 1955, 78 So.2d 371.
Petitioner forthwith moved in the Circuit Court for restitution of the sums enumerated in the preceding paragraph on the ground that being unable to post supersedeas bond when his appeal was taken, he had under order of the Circuit Court paid said amounts to respondent's attorneys. The motion for restitution prayed that Ginsberg & Pelle, attorneys for respondent, be required to restore the $500 paid Ginsberg & Pelle as their fee in said cause, the $16.90 paid them as costs in said cause and that Ginsberg & Pelle be required to make a full disclosure as to what part of the $600 paid them for support of said illegitimate child was retained by them, that they be required to restore said amount to petitioner and that Peggie Johnson be required to restore to petitioner such portion of the $600 as was paid to her. The chancellor denied the motion for restitution. We are confronted with an appeal by certiorari from that decree.
The point for determination is whether or not defendant in a bastardy proceeding is entitled to restitution of funds paid the mother for her attorneys' fees, costs and support of the bastard child, this court having reversed the decree awarding the mother these amounts, account of the action being barred by the statute of limitations.
Petitioner contends that this question should be answered in the affirmative on authority of Hazen v. Smith, 101 Fla. 767, 135 So. 813; Florida East Coast R. Co. v. State, 77 Fla. 571, 82 So. 136, and Revell v. Dishong, 129 Fla. 9, 175 So. 905. We have examined these and other cases of similar import where the court has sanctioned restitution of money or goods collected under a judgment later reversed or set aside by an appellate court but all these cases recognize a discretion in the trial court to require restitution, depending on the inherent power of the court to correct his errors, his jurisdiction to do so or whether the claim for restitution is well grounded in equity. In Holland v. McGill, 107 Fla. 444, 145 So. 210, 87 A.L.R. 171, this court held that an order requiring Holland to make restitution should be set aside because an attorney of record is not required to restore to the registry of the court moneys he secured therefrom for the client's benefit under an erroneous order and delivered to the clients, there being no charge that the erroneous order was procured by fraud, error or deception.
The rule governing restitution in cases like this is well stated in 5 Am.Jur., Attorneys at Law, Section 147 (Cumulative Supplement 1954, page 41), as follows:
"The general rule is that even though the attorney retains as payment for his services, or for some other debt owing by his client, under an agreement with the latter, part or all of the proceeds of a judgment recovered by the client which is subsequently reversed, he is not obliged to make restitution to the judgment debtor provided he acted in good faith in prosecuting the action in which the judgment was recovered. But if the judgment was void, or if the attorney knew it was obtained by fraud or he otherwise did not act in good faith in retaining the money, he is liable to make restitution."
This rule was followed in Holland v. McGill, supra. There is not the slightest suggestion here that there was any fraud or contempt in securing the order under which the funds in question were paid to Ginsberg & Pelle and by them paid to their client, nor is there any showing whatever that Ginsberg & Pelle did not act in good faith in prosecuting the action wherein the judgment sought to be set aside and restitution made was prosecuted. They (Ginsberg *364 & Pelle) have not been made parties to the cause and no process has been served on them.
So much for the law and the facts, now let us give a little consideration to the equities of the case. The chancellor took the testimony and found as a fact that petitioner was the father of Leonard Alton Wall, Jr., respondent's illegitimate child. He required petitioner to pay respondent's attorneys a reasonable fee, costs of the suit and $50 per month for support of the child, now approximately twelve years of age. The statute section 742.031, F.S.A., authorized such payment and the amount required by the chancellor is not challenged; there is no showing whatever of bad faith in bringing the bastardy proceeding. The child having been born in New York, the mother had no cause of action in this state under the "Old Bastardy Act" of January 5, 1828, but this was changed by the passage of Chapter 26949, June 1951, and she brought this suit within three years from that date and was successful in the lower court. The chancellor found no showing of bad faith on the part of respondent's attorneys, but petitioner proposes now to recover all he paid respondent for attorneys' fees, costs and support of the illegitimate child, a burden which the law imposes on petitioner. He proposes that respondent, the mother he seduced, shall support the child he fathered and leave him free of any responsibility for it. He reminds one of the wife who willed her husband two dollars on condition that he use one of them to buy a rope and hang himself.
For the reasons so stated we think this case is a clear exception to the rule that restitution may be required of amounts paid under a judgment that is subsequently reversed. Said judgment was not secured by fraud, error or deception. There is every showing of good faith on the part of counsel who secured it; there is no showing in equity to support restitution, in fact under the showing made, it would be most inequitable to require it. If ever a court was warranted in leaving a plaintiff where it found him to "stew in his own juice," this is it.
Certiorari is denied.
DREW, C.J., BUFORD, J., and FLOYD, Associate Justice, concur.