CONSOLIDATED AMERICAN
INSURANCE COMPANY,
Plaintiff,

v.

James E. HINTON, Marjorie A. Hinton, William Flack, Jr., Professional Horticultural Services, Inc., General Insurance Associates, Inc., and Richard S. Blunt, Defendants.

No. 93–1559–CIV–17C.

United States District Court,
M.D. Florida,
Tampa Division.

Feb. 9, 1994.

Jonathan L. Alpert, Alpert, Josey & Grilli, P.A., Tampa, FL, for plaintiff.

Stephen Kent Stuart, Stuart & Strickland, P.A., Tampa, FL, for defendants James Hinton and Marjorie Hinton.

Dennis Gus Diecidue, Dennis G. Diecidue, P.A., Tampa, FL, for defendants William Flack, Professional Horticultural Services, Inc.

Gary Maxwell Witters, Allen, Dell, Frank & Trinkle, Tampa, FL, for defendant Gen. Ins. Associates, Inc.

Jack Murray Larkin, Spicola & Larkin, P.A., Tampa, FL, for defendant Richard S. Blunt.

### ORDER ON MOTIONS

KOVACHEVICH, District Judge.

THIS CAUSE is before the Court on the following motions:

1. Defendant Richard S. Blunt's [hereinafter referred to as "BLUNT"] Motion to Dismiss Count III of Plaintiff's Complaint and Motion to Impose Sanctions Pursuant to Rule 11 and Attorney's Fees Pursuant to Section 57.105, Florida Statutes 1991 (Docket No. 2).

2. Defendant Blunt's Motion to be Dropped as a Party to Count II of Plaintiff's Complaint and Motion to Impose Sanctions Pursuant to Rule 11 and Attorney's Fees Pursuant to Section 57.105, Florida Statutes 1991 (Docket No. 3).

3. James E. Hinton and Marjorie A. Hinton [hereinafter referred to as "Hintons"], Defendants' Motion to Dismiss Counts I and II of Plaintiff's Complaint or, Alternatively, Motion to Stay (Docket No. 5).

4. William Flack, Jr. [hereafter referred to as "Flack"] and Professional Horticulture Services, Inc. [hereinafter referred to as "Professional"], Defendants' Motion to Dismiss Counts I and II of Plaintiff's Complaint, or, Alternatively, Motion to Stay (Docket No. 14).

### FACTUAL BACKGROUND

On October 1, 1990, Defendant Flack, while working within the scope of his employment for Defendant Professional, sprayed a pesticide chemical known as Dursban on a lawn in a residential community of Hillsborough County, Florida. As a result of the negligent actions of Flack, Defendant, James E. Hinton, was sprayed with and ingested an unknown quantity of Dursban. Due to the medical complications arising from James Hinton's ingestion of the Dursban, both James Hinton and his wife, Marjorie A. Hinton, filed a lawsuit on or about September 21, 1991 against Flack and Professional in the Thirteenth Judicial Circuit Court, in and for Hillsborough County, Florida, Case No. 91–9682 [hereinafter referred to as the "Hintons' lawsuit"], for damages arising out of the spraying incident.

On or about March 27, 1991, Consolidated, the insurer for Flack and Professional, denied coverage and refused to provide a defense to Flack and Professional in the Hintons' lawsuit on the ground that the spraying incident fell within the parameters of the "absolute pollution exclusion" clause contained in the liability insurance policy issued to Professional. Based on Consolidated's refusal to defend, Flack and Professional re-

tained the services of Defendant, Richard S. Blunt, to represent them in the state court action brought by the Hintons.

The Hintons subsequently entered into a Stipulation to settle with Flack and Professional in the amount of $1.2 million. On August 3, 1992, after holding an evidentiary hearing, Judge Richard A. Lazzara, Circuit Court Judge in and for Hillsborough County, Florida, awarded the Hintons final judgment in the amount of $1,201,259.65 against Flack and Professional for the damages arising out of the Dursban spraying incident. Under the terms of the settlement agreement, the Hintons would not attempt to enforce the judgment against Flack and Professional, but would only recover damages from Consolidated pursuant to a subsequent action brought by Flack and Professional against Consolidated.

On August 5, 1992, Flack and Professional initiated a lawsuit against Consolidated in the Thirteenth Judicial Circuit Court, in and for Hillsborough County, Florida, Case No. 92–6840, to enforce the applicable insurance policy and require indemnification of the judgment obtained against Flack and Professional as well as for bad faith damages for the wrongful denial of coverage and the subsequent refusal to defend. Since the filing of the state court action on August 5, 1992, continuous discovery has been conducted by the parties, and the action is presently pending in the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida. In this state court action, Consolidated sought to join the Hintons as additional parties. However, the state court denied Consolidated's motion by an order dated April 19, 1993.

Plaintiff, Consolidated, subsequently filed a diversity of citizenship action with this Court on September 9, 1993. (Plaintiff's Complaint, Docket No. 1). The first two counts of Plaintiff's four count complaint seek declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202 (1988), and the remaining counts seek damages. In Count I, Plaintiff sues Flack, Professional, and the Hintons, and requests that this Court declare that there is no insurance coverage for the October 1, 1990 spraying incident given the insurance policy's "absolute pollution exclusion" clause.

Count II alleges that Flack, Professional, the Hintons, and Blunt, owed Consolidated a duty to act in good faith in the settlement of the Hintons' lawsuit. In addition, Plaintiff alleges that Flack, Professional, and Blunt had a duty to undertake a reasonable defense, investigation, and evaluation of the Hinton's claim, rather than entering into a collusive, excessive, and/or bad faith settlement. Plaintiff avers that Flack, Professional, and Blunt breached their duty to reasonably defend, investigate, and evaluate the Hintons' claim, and all of the defendants breached their duty to act in good faith in negotiating and entering into the Stipulation to Settle. As a result, Consolidated seeks for this Court to declare that, in the event the absolute pollution exclusion clause is inapplicable, the final judgment underlying the settlement is unenforceable against Consolidated and is unreasonable in amount and/or the product of bad faith.

Plaintiff's third count is for damages against Defendant, Blunt. Plaintiff alleges that Blunt owed Consolidated a duty to act with reasonable care and in good faith in settling the Hintons' lawsuit. Alternatively, or in addition, Plaintiff alleges that Consolidated was a contemplated third-party beneficiary to the relationship between Blunt, Flack, and Professional, and as such, Blunt had a duty to conduct a proper and appropriate defense. Plaintiff asserts that Blunt breached these duties by failing to defend and/or to properly and reasonably investigate and evaluate the Hintons' claim.

Count IV of Plaintiff's complaint seeks damages against General Insurance Associates, Inc., an agent of Consolidated, for any damages that Consolidated may be required to pay as a result of the October 1, 1990 spraying incident.

## ANALYSIS

### A. Defendant Blunt's Motion to Dismiss Count III of Plaintiff's Complaint

█ A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove

no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

Defendant Blunt's Motion to Dismiss Count III of Plaintiff's complaint is submitted pursuant to Rule 12(b)(6), FED.R.CIV.P., failure to state a claim upon which relief can be granted. Consolidated brings this diversity action seeking damages from Blunt for his conduct in facilitating the alleged collusive, bad faith and exorbitant settlement agreement between Flack, Professional, and the Hintons. Consolidated alleges that Blunt owed Consolidated a duty to act with reasonable care in settling the Hintons' claim. Alternatively, or in addition, Consolidated alleges that Consolidated is a contemplated third-party beneficiary to the relationship between Blunt, Flack, and Professional, and as such, Blunt had a legal duty to conduct a proper and appropriate defense. Consolidated alleges that Blunt breached these duties and therefore is liable to Consolidated for damages.

■ When a lawsuit is filed in federal court based on diversity of jurisdiction, and there are no federal constitutional or statutory issues to be decided, substantive legal issues are to be decided according to state law. *See Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Noonan South, Inc. v. County of Volusia,* 841 F.2d 380 (11th Cir.1988). Accordingly, Florida law will be applied to these issues.

Plaintiff relies on the Florida Supreme Court case of *Wall v. Johnson,* 80 So.2d 362 (Fla.1955), for the proposition that an attorney who does not act in good faith in obtaining a judgment may be liable to make restitution. In *Wall,* the mother of an illegitimate child obtained a final decree against the father of the child. *Id.* at 362. The decree required the father to pay monthly child support to the mother and to pay the mother's law firm for the legal services rendered for the mother. *Id.* On appeal to the Florida Supreme Court, the circuit court's judg-

ment was reversed and the cause dismissed on the ground that it was barred by the statute of limitations. *Id.* at 363. The father subsequently sought restitution for the amount of money paid to the law firm and to the mother. *Id.* In deciding the restitution issue, the Florida Supreme Court recognized the general rule that:

> even though the attorney retains as payment for his services, or for some other debt owing his client, under an agreement with the latter, part or all of the proceeds of a judgment recovered by the client which is subsequently reversed, he is not obligated to make restitution to the judgment debtor provided he acted in good faith in prosecuting the action in which the judgment was recovered. But if the judgment was void, or if the attorney knew it was obtained by fraud or he otherwise did not act in good faith in retaining the money, he is liable to make restitution.

*Id.* (citation omitted). In denying the father's request for restitution, the *Wall* court noted that there were no allegations that the law firm acted in bad faith in obtaining the judgment. *Id.*

■ In the present case, however, Consolidated has clearly alleged that Blunt acted collusively and in bad faith in obtaining the settlement agreement and subsequent final judgment. Consolidated alleges that Blunt acted in bad faith (1) in handling the defense of the Hintons' lawsuit, (2) in failing to adequately and reasonably investigate and evaluate the Hintons' claim, and (3) by advising Flack and Professional to enter into the settlement agreement. The Court finds that Plaintiff has alleged facts and elements of law necessary to sustain its complaint. Accordingly, Defendant Blunt's motion to dismiss and impose sanctions and attorney's fees is **DENIED.**

*B. Defendant Blunt's Motion to be Dropped as a Party to Count II of Plaintiff's Complaint*

■ Defendant Blunt has also filed with this Court a Motion to be Dropped as a Party to Count II of Plaintiff's complaint. Count II of Plaintiff's complaint seeks a dec-

laration from this Court that in the event the absolute pollution exclusion is inapplicable, the collusive settlement· is unenforceable against Consolidated as it is unreasonable in amount and the product of bad faith. Plaintiff alleges that Blunt was involved in facilitating the bad faith and collusive settlement. As this Court has previously stated in denying Blunt's motion to dismiss Count III, the Plaintiff has alleged facts and elements of law necessary to sustain its complaint based upon Blunt's alleged bad faith conduct. Accordingly, Defendant Blunt's motion to be dropped as a party and to impose sanctions and attorney's fees is **DENIED.**

### C. Defendants' Flack, Professional, and the Hintons Motion to Dismiss or, Alternatively, Motion to Stay

The remaining Defendants have filed motions to dismiss or stay and request this Court to dismiss Counts I and II of Plaintiff's complaint or, alternatively, enter an order staying all federal proceedings in this action until completion of the state court proceedings.

Defendants assert· that a dismissal or stay is appropriate because this action is parallel to the pending state court action. In support of their position, Defendants rely on the United States Supreme Court decisions in *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), and *Moses H. Cone Memorial Hospital v. Mercury Construction,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). In *Colorado River* and *Moses H. Cone,* the Supreme Court stated that the factors to be considered by the trial court in determining the appropriateness of dismissal or abstention are: (1) whether· one of the courts has assumed jurisdiction over the property; (2) the inconvenience of the federal forum; (3) the potential for piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal or state law would apply; and (6) the adequacy of each forum to protect the party's right. *See Colorado River,* 424 U.S. at 818–19, 96 S.Ct. at 1246–47; *Moses H. Cone,* 460 U.S. at 23–27, 103 S.Ct. at 941–43.

The Court has instructed federal courts not to use these factors as a checklist, but to balance the weight of each according to the facts of a given case, "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone,* 460 U.S. at 16, 103 S.Ct. at 937. *See also Colorado River,* 424 U.S. at 813, 96 S.Ct. at 1244 ("Abstention from the exercise of federal jurisdiction is the exception, not the rule.").

Before considering these factors, it is first necessary to determine whether there exist parallel duplicative state proceedings. *See McLaughlin v. United Va. Bank,* 955 F.2d 930 (4th Cir.1992). As the *McLaughlin* court noted, "[s]uits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Id.* at 935 (quoting *New· Beckley Mining Corp. v. International Union, UMWA,* 946 F.2d 1072, 1073 (4th Cir.1991)). In *McLaughlin,* the court found that parallel duplicative proceedings did not exist in state court because the parties were different and there were different claims pending in the federal action. *Id.*

In the present case, Plaintiff argues that the proceedings are not duplicative proceedings because of the joinder of three additional parties: Richard S. Blunt, James E. Hinton, and Marjorie A. Hinton.. Assuming for the sake of this motion that these additional parties are not "substantially the same" so as to preclude this Court's jurisdiction, the Defendants still fail to meet the *Colorado River* and *Moses H. Cone* factors for federal court abstention.

■ Applying these factors to the matter presently before this Court, there has been no showing of the requisite exceptional circumstances to justify this Court's abstention. The first two factors are not present in this case. Neither court has assumed jurisdiction over any property, nor is there any contention that the federal forum is any less convenient to the parties than the state forum. The fourth factor, the order in which the forums obtained jurisdiction, either is a neutral factor or one that weighs against abstention. The state court proceeding was filed against Consolidated on August 5, 1992, and since that time, continuous discovery has taken place. However, this Court will be the

**1520**

first court to obtain jurisdiction over all of the parties in interest.

■ The remaining factors all counsel against this Court's abstention. The third factor, avoidance of piecemeal litigation, weighs against abstention. The present action is more comprehensive given the fact that Consolidated has joined the three additional parties. These parties are not involved, nor can they be joined, in the state court proceeding. The fifth factor, whether state or federal law applies, also weighs against abstention. As this Court noted in *Harder v. Rafferty*, 709 F.Supp. 1111 (M.D.Fla.1989), "the presence of state law issues weighs in favor of abstention 'only in rare circumstances.'" *Id.* at 1116 (citation omitted). The sixth factor, the adequacy of each forum to protect the party's rights, is either a neutral factor, or one that weighs against abstention. *See Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1193 (5th Cir. 1988). A party who could find adequate protection in state court is not precluded from pursuing a parallel action in the federal forum. *Id.* Accordingly, Defendants' motion to dismiss or to stay is **DENIED.**

## SUMMARY OF ORDERS

In summary, this Court **ORDERS** the following:

1. Defendant Blunt's Motion to Dismiss Count III of Plaintiff's Complaint is **DENIED.**

2. Defendant Blunt's Motion to be Dropped as a Party to Count II of Plaintiff's Complaint is **DENIED.**

3. Defendants' Flack, Professional, and the Hintons Motion to Dismiss or, Alternatively, Motion to Stay is **DENIED.**

**DONE** and **ORDERED.**