658 So.2d 119 (1995)
Douglas MARTIN, M.D., Douglas Martin, M.D., P.A., and Florida Physicians Insurance Company, Appellants,
v.
William LENAHAN and Phyllis Lenahan, his wife, Appellees.
No. 93-2669.
District Court of Appeal of Florida, Fourth District.
June 7, 1995.
Rehearing, Rehearing, and Certification of Question Denied August 16, 1995.
*120 David W. Spicer and Richard B. Schwamm of Bobo, Spicer, Ciotoli, Fulford, Bocchino, DeBevoise & Le Clainche, P.A., West Palm Beach, for appellants.
Daniel S. Pearson and Lenore C. Smith of Holland & Knight, Miami, for appellees.
Edward T. O'Donnell of Herzfeld & Rubin, Miami, and Hugh F. Young, Jr., Detroit, Michigan, for amicus curiae Product Liability Advisory Council.
Rehearing, Rehearing En Banc, and Certification of Question Denied August 16, 1995.
POLEN, Judge.
Douglas Martin, M.D. and Florida Physicians Insurance Company (FPIC) appeal from an adverse final order on their claim for restitution from Grossman and Roth, P.A. for their contingent attorney's fees and costs, which had been taken from the settlement funds received on behalf of their clients, the Lenahans, to satisfy a judgment against Dr. Martin and FPIC. We affirm.
Grossman and Roth, P.A. represented William and Phyllis Lenahan in a medical malpractice action against Dr. Martin for postoperative complications which allegedly occurred during an operation performed by Dr. Martin. Mr. Lenahan claimed the malpractice caused severe and debilitating physical and mental injuries. The case proceeded to trial and the jury returned a verdict of $2,488,000 in damages. The jury's award was based on a finding that Dr. Martin was negligent and his negligence caused several definite and distinct injuries to Mr. Lenahan including a visual field deficit, total deafness in one ear and partial deafness in the other, mild hemiparesis, vestibulopathy, gait disturbance, and dementia. A settlement was subsequently negotiated for $2,250,000 as full and complete satisfaction of the judgment. From this settlement Grossman and Roth received $750,000 in fees, of which $250,000 went to the referring attorneys. Grossman and Roth also received $108,431.59 as a cost reimbursement from the settlement funds.
Even prior to the settlement, Dr. Martin suspected Mr. Lenahan's claims were grossly exaggerated, and undertook videotape surveillance of the Lenahans. After the settlement and exchange of funds, investigation into Mr. Lenahan's conduct continued which culminated in the filing of certain criminal fraud charges against the Lenahans. This was also the key piece of evidence offered by FPIC and Martin in their rule 1.540 motion for relief from judgment and for restitution. The surveillance video showed Mr. Lenahan driving, jogging, and working on his yacht, which was in sharp contrast to expert and lay witness testimony at trial that presented him as a man devastated physically and emotionally, who was totally dependent on the care of his wife. The Lenahans were convicted of the criminal charges, and subsequently entered into a settlement with Dr. Martin and FPIC stipulating that the motion for relief from judgment would be granted, and that the Lenahans would make partial restitution of those funds received in the civil action in return for Dr. Martin and FPIC not opposing their plea for reduction of sentence if their criminal conviction is upheld by this court. The settlement also specifically stated that it would not affect Dr. Martin's and FPIC's right to recover attorney's fees and costs taken from the $2,250,000 settlement and satisfaction of the judgment in the civil action. Grossman and Roth, P.A., which had withdrawn from the representation of the Lenahans in the civil matter after the fraud was uncovered, were not parties to this settlement and motion for relief from judgment. Based on the stipulation the trial court granted relief from the judgment. However, the trial court denied restitution from Grossman and Roth. We agree with the trial court's reasoning in denying the restitution.
Although not a case of first impression, this case presented to the trial court, and to this court on appeal, a question the courts of Florida have not considered in forty years: whether an attorney who has acted in good faith in connection with the judgment recovered but later set aside is obligated to make restitution? Forty years ago, in Wall v. Johnson, 80 So.2d 362 (Fla. 1955), the supreme court held that in such a scenario, an attorney would not be required to make restitution. We do not deviate from this determination now. In Wall, an attorney, acting on behalf of his client, obtained a final decree adjudicating Leonard Wall as the father of his client's illegitimate child. The final decree *121 required Wall to pay the client $50.00 per month and the attorney a $500.00 fee. However, on appeal the judgment was reversed because of the statute of limitations. Id. at 363. Wall then sought restitution from the attorneys of the $500.00 fee which was initially required to be paid under the court's decree which was later reversed.
The supreme court in Wall stated as the general rule that, even though the attorney retained as payment for his services or for some other debt owing by his client, all of the proceeds of a judgment which was then subsequently reversed, the attorney is not obligated to make restitution as long as he acted in good faith in prosecuting the action in which the judgment was originally recovered. However, if the judgment is void, or if the attorney knew it was obtained by fraud, or he otherwise did not act in good faith by retaining the money, he is liable for restitution. The court went on to conclude that there was no suggestion of fraud or bad faith in prosecuting the action. Id. The supreme court further noted that this was an exception to the rule that restitution may be required of amounts paid under a judgment that is subsequently reversed. Id. at 364.
As the trial court correctly noted, Wall is controlling at bar. In accordance with Wall, Grossman and Roth, P.A. should not be liable for restitution, as there is no evidence of any complicity in the fraud perpetrated by the Lenahans. See also Pickard v. Maritime Holdings Corp., 161 So.2d 239 (Fla. 3d DCA 1964) (attorney acting under employment, at direction of his client and in legal manner, is not liable for the consequences of his client's actions); Baum v. Heiman, 528 So.2d 63 (Fla. 3d DCA 1988) (restitution is appropriate against the party who prevails under the erroneous judgment not third parties); Sundie v. Haren, 253 So.2d 857 (Fla. 1971) (as to nonparties a purchase at an execution sale pursuant to a judgment afterwards reversed is final). As Grossman and Roth, P.A. was not a party to the malpractice proceeding which resulted in the judgment now set aside, but rather was a third party paid for valuable services who did not engage in any known wrongdoing, it should not be liable for restitution.
Section 74 of the Restatement of the Law of Restitution, comment H, also supports such a determination. This section provides:
h. Restitution from attorney or agent of judgment creditor. An attorney or other agent of the judgment creditor who receives payment from the judgment debtor or who receives the proceeds of sale of the debtor's things and who pays it to the judgment creditor before reversal is not liable if the judgment was valid before reversal and if he had no knowledge of any fraud used in securing it. Under the same conditions he is under no duty to repay money which he received on account of the judgment creditor and which he retains as payment for services or for a debt owed by the judgment creditor to him (see Illustration 20) since he received the money as a bona fide purchaser. On the other hand, the attorney of the judgment creditor who conducted the proceedings is not entitled to retain property which he purchased on execution sale under the judgment subsequently reversed (see Illustration 21). For this purpose he is in the position of the judgment creditor. If the judgment reversed was void (see § 73) and he directed the sale of the debtor's property, or if he knew that the judgment was obtained by fraud, he was a participant in a tort and cannot retain the proceeds of a sale or escape liability for having dealt with the debtor's things.
Comment H, Illustration 20, further provides:
20. A obtains a valid judgment against B for $3000. B pays the amount of the judgment to C, A's attorney. At A's direction C expends $1000 to satisfy A's creditors and retains $2000 as compensation for his services in this suit and in previous ones. Upon reversal of the judgment, B is not entitled to restitution from C.
The trial court appropriately summed up the application of Comment H and Illustration 20 to the facts at bar by noting:
Following the jury verdict of $2,498,000.00 and with numerous issues pending, including entitlement to statutory attorney's fees, taxable costs, a bad faith action with the prospect of punitive damages, and after *122 surveillance had begun, and the malpractice case settled for $2.25 million, Grossman and Roth, P.A. then recovered costs expended on behalf of the Lenahans which the Lenahans were legally obligated to pay. Grossman and Roth, P.A. were then paid compensation for their services in this suit. Upon reversal of the judgment, FPIC is not entitled to restitution from Grossman and Roth, P.A.
We endorse the trial court's determination that Grossman and Roth, P.A., as an innocent third party creditor, recovered a judgment to which it was legally entitled. We also agree with the trial court's conclusion that the contingency which gave rise to the Lenahans' debt to Grossman and Roth, P.A. occurred when the settlement was negotiated, and none of the subsequent proceedings can affect the original $2,250,000 settlement voluntarily entered into between the Lenahans, Dr. Martin and FPIC.
Although we are not unsympathetic to Dr. Martin and FPIC, as they obviously are victims of the fraud perpetrated by the Lenahans, they independently chose to settle with the Lenahans for less than half the full amount paid to the Lenahans and agreed to vacate the judgment. Further, Grossman and Roth, P.A. was not a participant in these settlement negotiations. Because Dr. Martin and FPIC chose not to proceed against the Lenahans for the full amount they received in the settlement, we do not believe Grossman and Roth should be responsible for this loss. Accordingly, we affirm the judgment of the trial court denying Dr. Martin and FPIC's claim for restitution.
DELL, C.J., and GLICKSTEIN, J., concur.