VACATION BREAK U.S.A.,
INC., Plaintiff,

v.

MARKETING RESPONSE GROUP & LASER CO., INC.; Peter J. Porcelli, Jr.; Peter J. Porcelli, Sr.; Pete–Nik Holdings, Inc.; Creative Laser Specialists, Inc.; Marketing Mailing Services, Inc.; PJP Laser Company, Inc.; Palm Harbor Holdings, Inc.; Hillsborough Holdings, Inc.; Service Bureau International, Inc.; Consolidated Laser & Offset, Inc.; Spectrum Media Group, L.C.; and John Doe(s), an unknown person(s) or entity(ies), Defendants.

No. 98–1150–CIV–T–17A.

United States District Court,
M.D. Florida,
Tampa Division.

Oct. 29, 1998.

F. Wallace Pope, Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Clearwater, FL, Richard W. Epstein, Glen Rafkin, Greenspoon, Marder, Hirschfeld, Rafkin, Ross & Berger, Ft. Lauderdale, FL, for Vacation Break U.S.A., Inc., a Florida corporation, plaintiff.

William O. Bittman, Reed, Smith, Shaw & McClay, Washington, DC, Lee A. Rau, Reed, Smith, Shaw & McClay, McLean, VA, Michael D. Allweiss, Allweiss, Mensh, MacIntosh, Allweiss & Bursa, St. Petersburg, FL, for Marketing Response Group & Laser Company, Inc., Peter J. Porcelli, Jr., Peter J. Porcelli, Sr., Pete–Nik Holdings Inc., Creative Laser Specialists, Inc., Marketing Mailing Services, Inc., PJP Laser Company, Inc., Palm Harbor Holdings, Inc., Hillsborough Holdings, Inc., Service Bureau International, Inc., Consolidated Laser & Offset, Inc., Spectrum Media Group, L.C., John Does, an unknown person(s) or entity(ies), defendants.

### ORDER ON DEFENDANT'S MOTION TO DISMISS OR STAY

KOVACHEVICH, Chief Judge.

This order is before the court on Defendant's, Marketing Response Group & Laser Co., Inc. ("MRG & L"), et al., motion to dismiss or stay proceedings against it pending a state court action (Dkt.3), with memorandum in support (Dkt.4) and response thereto (Dkt.25).

### POSTURE OF THE CASE

The Complaint in this action was filed on June 2, 1998. The relevant facts, as pled and accepted as true for the purposes of this motion only, are summarized as follows:

The Plaintiff, Vacation Break U.S.A., Inc. ("Vacation Break"), is a developer and operator of vacation timeshare resort properties, in addition to being a seller of travel packages. Vacation Break has, at all times material hereto, engaged in direct mail solicitation in its efforts to obtain prospective time share purchasers. MRG & L were providers of printing and mailing products and services for the direct marketing of various goods and services. Individual defendants Mr. Porcelli Jr. and Mr. Porcelli Sr. allegedly commonly own all the Defendants in this proceeding. Vacation Break asserts that; 1) the Defendants routinely operated as a single legal and factual entity; and 2) that each defendant is an alter ego and mere instrumentality of MRG & L, Mr. Porcelli Jr., and Mr. Porcelli Sr. and should be referred to collectively.

In November of 1995, Vacation Break entered a Sales and Marketing Agreement ("Agreement") with MRG & L. This Agreement allegedly provided printing and mailing services to Vacation Break, and promised to provide Vacation Break with lead lists of individuals who are considered more likely to respond favorably to the marketing of travel packages and timeshare interests than randomly chosen individuals. MRG & L was allegedly the only company available to supply the components of the combined packages of products and services, at the volume required by Vacation Break for its marketing program.

Within six months of the November 1995, Agreement, Vacation Break suspended the business relationship with the Defendants. Thereafter, on March 24, 1997, MRG & L (individually) brought suit against Vacation Break in the Circuit Court of the 6th Judicial Circuit for Pinellas County, Florida (Case NO. 97–2168–Cl–13). MRG & L's state court complaint asserts two claims against Vacation Break under the Florida Antitrust Act of 1980, Fla.Stat. § 542.18. *See* MRG & L Complaint. This suit was the consequence of an alleged group boycott organized by Vacation Break, and the uniformed fixed purchase price that Vacation Break and other vacation certificate clients imposed on MRG & L in the 1995 Agreement. *See id.* at 26–37. Vacation Break allegedly decided to use the lead lists, provided by MRG & L, in violation of the Agreement. *See id.* at 24, 62. Vacation Break further allegedly agreed to drive MRG & L out of business and pressured others to do likewise. *See id.* at 18, 28. Additionally, MRG & L's complaint contains several counts asserting Florida state common law claims for breach of contract and various business torts. *See id.* at 43–83.

On June 2, 1998, Vacation Beak initiated this Federal action, seeking damages against the Defendants pursuant to § 4 of the Clayton Act, 15 U.S.C. § 15(a), in violation of §§ 1 & 2 of the Sherman Act, 15 U.S.C. §§ 1 & 2, and § 3 of the Clayton Act, 15 U.S.C. § 14, arising out of illegal tying and exclusive dealings agreements imposed by the Defendants upon Vacation Break in connection with the Defendants' business operation. MRG & L allegedly:

> Illegally required that Vacation Break, in order to purchase rights to use MRG & Ls' perceived highly desirable lead lists, exclusively contract with MRG & L for creative design, mail and printing products and services, despite MRG & Ls' exaction of significantly higher prices for such tied products and services then would otherwise be available in the marketplace.

Complaint ¶ 38. In response, the Defendants' filed a motion to dismiss or stay pending their state court action, to which this order is addressed.

### DISCUSSION

■■■ An order to stay or dismiss a federal claim must be evaluated in light of the court's strong obligation not to dismiss or postpone the federal claim in the absence of exceptional circumstances. *See American Manufacturers Mutual Ins. Co. v. Edward D. Stone, Jr. & Assoc.*, 743 F.2d 1519, 1525 (11th Cir.1984). Both parties to this action have made reference to the controlling "circumstances" enumerated in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47

L.Ed.2d 483 (1976), and *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). These circumstances do not form a mechanical checklist, but are to be carefully balanced on the facts in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction. *See id.* 103 S.Ct. at 937 These circumstances are: (1) whether one of the courts has assumed jurisdiction over the property; (2) the inconvenience of the federal forum; (3) the potential for piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal or state law will be applied; and (6) the adequacy of each forum to protect the parties rights.

■ Neither the federal or state court has assumed jurisdiction over any property relating to this case. This case is an *in personam* action, which does not involve possibly conflicting rulings as to property rights. The absence of this factor "speaks against abstention." *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185 (5th Cir.1988).

The Defendants contend that the Agreement between the parties limits the forum for litigation to state court exclusively. The Agreement provides that: "The parties further agree that venue for any action arising out of or relating to this Agreement shall be limited to Pinellas County Florida." *See* Exhibit A. However, the forum in which the Plaintiff has filed suit, Middle District of Florida, Tampa Division, encompasses Pinellas County. Venue "refers to the possible or proper place or places for the trial of a suit, as among several places where jurisdiction could be established." *Barrons Law Dictionary* 517 (3d ed.1991) (citing *Japan Gas Lighter Assoc. v. Ronson Corp.*, 257 F.Supp. 219, 224 (D.N.J.1966)). The state forum, in which the Defendant has filed suit against the Plaintiff, is less than thirty (30) miles from the federal forum. Defendants cannot argue that the federal forum is less convenient than the state forum, nor does the restrictive language of the Agreement prohibit a federal claim.

Defendants allege that the Pinellas County action would focus on the same facts, resulting in piecemeal litigation. Plaintiffs respond that there are exclusively federal claims asserted before this court, and there is no danger of inconsistent rulings. Because the district court cannot force the Plaintiff to assert its claims as permissive cross claims in the state proceeding, a stay order would not avoid, but would merely delay, piecemeal consideration of the claims. Where similar actions involving similar parties are pending in state and federal courts, principles of comity and federalism outweigh the interest in judicial efficiency and militate against entry of a stay of the state court action. *See Maryland Casualty Co. v. Pacific Coal and Oil Co.*, 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941).

MRG & L obtained jurisdiction in the Pinellas County case on March 24, 1997. Jurisdiction in this case was obtained on June 2, 1998. At the time of this order, only the preliminary stages of discovery have gone forward in the state proceedings. The parties can agree on a joint discovery plan for both federal and state proceedings.

The Plaintiff's claims under the Sherman and Clayton Acts, invoke only federal law. The federal forum possesses greater experience in the determination of the substantive claims asserted by the Plaintiff. "The presence of federal law issues must always be a major consideration weighing against surrender." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. at 26, 103 S.Ct. at 942.

The Defendants contend that Vacation Break can assert any of the federal claims in the state court action, and obtain the same relief that it could under the federal antitrust laws. However, "the adequacy of each forum to protect the party's rights, is either a neutral factor, or one that weighs against abstention." *Consolidated American Insurance Co. v. Hinton*, 845 F.Supp. 1515, 1520 (M.D.Fla.1994) (citing *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1193 (5th Cir. 1988)). "A party who could find adequate protection in state court is not precluded from pursuing a parallel action in the federal

forum." *Id.* This factor also weighs against the imposition of a stay.

This Court concludes that the "exceptional circumstances" necessary to justify the dismissal or stay of this action in deference to a similar state proceeding are not present in this case. Accordingly, it is

**ORDERED** that the motion to dismiss or stay be **denied.**