SCHWARTZ, Chief Judge.
After an adverse judgment, which included a ruling that they were liable for their opponent’s attorney’s fees, the Gautreauxs negotiated an agreement with Greenman, the opposing lawyer, in which they were to pay $7,000 for those fees pending, however, them right to review that ruling on appeal. Accordingly, Gautreaux sent a $7,000 check payable to Greenman which bore the legend “attorney fees ... all appellate rights reserved including return of attorney fees [sic]” — an understanding which was confirmed by letter shortly thereafter. The $7,000 check, which Greenman deposited in his firm’s account, was thus, in effect, to serve as a supersedeas to await the outcome of the appeal. This court’s opinion in Gautreaux v. Notarantonio, 687 So.2d 849 (Fla. 3d DCA 1997), and an accompanying unreported clerk’s order generally rejected the Gautreauxs’ contentions on the merits. We did, however, uphold their position that they were not liable for attorney’s fees. Accordingly, after the mandate was issued, the Gau-treauxs demanded that Greenman return the $7,000. When he declined, they sought leave to file a third party complaint against Green-man himself to recover the funds. The present appeal challenges the trial court’s denial of that motion.
We reverse because the proposed third party complaint adequately alleged a cause of action against Greenman as an escrow agent for his failure to comply with the terms of the escrow agreement. See United Am. Bank v. Seligman, 599 So.2d 1014 (Fla. 5th DCA 1992), review denied, 613 So.2d 7 (Fla.1992); 22 Fla.Jur.2d Escrow § 12 (1998). Greenman’s argument that an attorney is not liable as such upon his client’s obligation to return the proceeds of a reversed judgment, see Wall v. Johnson, 80 So.2d 362 (Fla.1955); Martin v. Lenahan, 658 So.2d 119 (Fla. 4th DCA 1995), is both entirely correct and quite irrelevant. His alleged obligations in this ease arise solely from his status as an escrow agent or stakeholder, as to which the fact that he happens to be an attorney is of no moment. See Mizrahi v. Valdes-Fauli, Cobb & Petrey, 671 So.2d 805 (Fla. 3d DCA 1996). For these reasons, the order denying the motion to file a third party complaint against Greenman is reversed and the cause is remanded for further appropriate proceedings.
Reversed.