730 So.2d 746 (1999)
George ABRAHAM, Appellant,
v.
Sherrie Lleo ABRAHAM, Appellee.
No. 98-1939.
District Court of Appeal of Florida, Third District.
March 10, 1999.
Rehearing Denied May 12, 1999.
*747 Paul H. Bass, Coral Gables, for appellant.
Kohlman & Mack and Robert Kohlman, Miami; Abrams, Abrams & Etter and Deborah Marks, North Miami, for appellees.
Before SCHWARTZ, C.J., and NESBITT, and COPE, JJ.

Order Enforcing Mandate
PER CURIAM.
The husband appeals from an award of temporary and prospective attorney's fees. We treat his appeal as a motion to enforce our mandate from a previous appearance of the case in Abraham v. Abraham, 700 So.2d 421 (Fla. 3d DCA 1997). On the going down of the mandate, the parties reached a complete settlement agreement with one exception. There they agreed that their settlement "shall [not] prevent either party from seeking a return of fees and costs paid to the Abrams Law Firm or from contending any claims from said law firm." In that decision, we had reversed various temporary relief including "attorney's fees to the wife for services rendered by her lawyers (Abrams) in a domestic violence proceeding which was filed and litigated before the rendition of dissolution of marriage...." The trial judge denied the husband's motion for restitution of the latter fees, we think erroneously. While the settlement mooted out all other possible claims, it did not insulate the wife's attorneys to whom those fees were paid directly by the husband. While there is contrary authority for requiring restitution, the law of the case compels that we grant in part the husband's motion to enforce the mandate in accordance with our decision.[1]
SCHWARTZ, C.J., and NESBITT, J., concur.
COPE, J. (dissenting).
I would affirm on authority of Wall v. Johnson, 80 So.2d 362 (Fla.1955); and Martin v. Lenahan, 658 So.2d 119 (Fla. 4th DCA 1995)(citing Restatement of Restitution § 74, comment h & illus. 20 (1937)).
NOTES
[1] The law firm will then be in a position to seek payment for legal services provided to the wife prior to the commencement of the dissolution proceeding.