870 So.2d 179 (2004)
Lillian Susanne WRIGHT, Appellant/Cross-Appellee,
v.
David E. LEWIS, Appellee/Cross-Appellant.
No. 4D01-3319.
District Court of Appeal of Florida, Fourth District.
February 18, 2004.
*180 Nancy W. Gregoire of Bunnell, Woulfe, Kirschbaum, Keller, McIntyre & Gregoire, P.A., Fort Lauderdale, for appellant.
Green, Smith & Associates, P.A., Miami, and Paula Revene of Paula Revene, P.A., Fort Lauderdale, for appellee.

*181 ON MOTION TO ENFORCE MANDATE

KLEIN, J.
In our prior decision in this case, we concluded that Florida had no personal jurisdiction over the father, a resident of California, to enforce a California dissolution judgment. Wright v. Lewis, 849 So.2d 379 (Fla. 4th DCA 2003). Prior to our reversal the father, who had not prevailed in the trial court, had paid attorney's fees and costs. Following our reversal, he filed a motion asking the trial court to require Lillian Wright, the maternal grandmother who brought the lawsuit, as well as her lawyer, to return the money the father had paid. The trial court concluded it had no jurisdiction to grant relief.
This court has the inherent power to order compliance with its mandates and to issue a judgment which the trial court should have issued pursuant to the mandate. Posner v. Posner, 257 So.2d 530 (Fla.1972). This is an appropriate situation for enforcing our mandate. Abraham v. Abraham, 730 So.2d 746 (Fla. 3d DCA 1999). We grant the motion.
The father moved for relief under Florida Rule of Civil Procedure 1.540(b), which authorizes the trial court to relieve a party from a void order or judgment. The trial court determined that, because the father was not submitting himself to personal jurisdiction, he could not seek the affirmative relief of restitution. This motion, however, was not a plea for affirmative relief which waives the movant's challenge to personal jurisdiction, but rather a defensive motion seeking to avoid a judgment. Babcock v. Whatmore, 707 So.2d 702 (Fla.1998).[1]
As we noted earlier, the father sought restitution from both the grandmother, a party, and her counsel. As to the grandmother, he is entitled to restitution for any amounts paid her as costs or attorney's fees, which she did not pass on to her counsel, as a matter of law. Sundie v. Haren, 253 So.2d 857, 858 (Fla.1971) ("A party against whom an erroneous judgment has been made is entitled upon reversal to have his property restored to him by his adversary."). Restitution from counsel, however, is a different matter.
In Wall v. Johnson, 80 So.2d 362 (Fla.1955), the party seeking restitution had been found by the trial court to have been the father in a paternity proceeding, but subsequently obtained a reversal by the Florida Supreme Court based on the statute of limitations. He then sought a refund of attorney's fees paid to counsel for the mother, and our supreme court quoted the general rule to be as follows:
The rule governing restitution in cases like this is well stated in 5 Am.Jur., Attorneys at Law, Section 147 (Cumulative Supplement 1954, page 41), as follows:
`The general rule is that even though the attorney retains as payment for his services, or for some other debt owing by his client, under an agreement with the latter, part of all of the proceeds of a judgment recovered by the client which is subsequently reversed, he is not obliged to make restitution to the judgment debtor provided he acted in good faith in prosecuting the action in which the judgment was recovered. But if the judgment was void, or if the attorney *182 knew it was obtained by fraud or he otherwise did not act in good faith in retaining the money, he is liable to make restitution.'
Id. at 363. In Wall our supreme court denied restitution of attorney's fees because it found the equities to be against the father, concluding:
If ever a court was warranted in leaving a plaintiff where it found him to `stew in his own juice,' this is it.
Wall, 80 So.2d at 364.
The father argues that the orders compelling him to pay attorney's fees, which we reversed, were void, and under Wall the trial court was required to grant restitution. A void judgment, however, is a judgment which is subject to collateral attack. In re Estate of Kant, 272 So.2d 153 (Fla.1972). A judgment based on an erroneous order determining jurisdiction, as in this case, is not void, but rather voidable. Baron v. Baron, 454 So.2d 86 (Fla. 4th DCA 1984); Dusesoi v. Dusesoi, 498 So.2d 1348 (Fla. 2d DCA 1986); Archbold Health Servs., Inc. v. Future Tech Bus. Sys., 659 So.2d 1204 (Fla. 3d DCA 1995).
Because of our supreme court's emphasis on the equities in Wall, we conclude that restitution against counsel, under the circumstances in this case, is a discretionary decision for the trial court depending on the facts. This would be consistent with Martin v. Lenahan, 658 So.2d 119 (Fla. 4th DCA 1995), in which a physician and insurance company were seeking restitution after they had settled a malpractice case based on a fraudulent claim advanced by the plaintiffs. We concluded that, as to the portion of the settlement paid to the plaintiff's counsel, restitution would be denied, noting that counsel had been totally innocent of any fraud. We emphasized that the parties seeking restitution from the plaintiffs individually had elected to settle for less than half of what they had paid, and had done so without plaintiffs' counsel having participated in those negotiations. We affirmed a finding of fact that under these circumstances the parties seeking restitution, not counsel, should have to bear the loss.
Holland v. McGill, 107 Fla. 444, 145 So. 210 (1932), cited by the grandmother, is distinguishable, because in that case the lawyer against whom restitution was sought did not have the funds. He had merely withdrawn his client's funds from the registry of the court and turned the funds over to his clients.[2]
Because the trial court erroneously concluded that the father was barred from seeking relief as a matter of law, we grant the motion to enforce mandate for the trial court to decide the restitution issue as to counsel on the merits. The father is entitled to restitution from the grandmother for money paid to her as attorney's fees and costs, which she did not pass on to her counsel.
Motion granted.
GROSS and TAYLOR, JJ., concur.
NOTES
[1] Although we do not consider it necessarily relevant, we note that the father paid these amounts under the threat of incarceration for contempt, because the automatic stay provision of Florida Appellate Rule 9.310(b)(1) for money judgments does not apply in family law cases. Garcia v. Garcia, 743 So.2d 1225 (Fla. 4th DCA 1999).
[2] One other case bears mentioning, Abraham v. Abraham, 730 So.2d 746 (Fla. 3d DCA 1999), which we cited above as authority for enforcing the mandate under these circumstances. In Abraham the husband was seeking restitution for temporary attorney's fees paid to counsel for the wife, where the order requiring the payment of fees had been reversed. As in this case, the trial court denied the motion for restitution, but the third district reversed, granting the husband's motion to enforce the mandate. Judge Cope dissented, citing Wall and Martin. The Florida Supreme Court initially accepted review, but then concluded in a four to three decision that jurisdiction had been improvidently granted. Abraham v. Abraham, 775 So.2d 937 (Fla.2000).