PALMER, J.,
dissenting.
I respectfully dissent. If the appellant believed that the trial court erred in awarding her a $90,000.00 judgment, her remedy was to appeal that judgment. She did not file a direct appeal; therefore, that judgment is final.
The majority opinion acknowledges that the appellant erred in filing her request for relief from the $90,000.00 final judgment as a separate petition seeking partition. However, the majority seeks to correct the appellant’s error by sua sponte treating her partition petition as a motion for relief from judgment, pursuant to Florida Rule of Civil Procedure 1.540(b). However, re-characterizing appellant’s petition does not entitle her to obtain relief from the $90,000.00 judgment.
Rule 1.540(b) does not provide for relief from judicial errors of law which must be appealed. Curbelo v. Ullman, 571 So.2d 443, 445 (Fla.1990). Instead, the rule provides very specific and narrow grounds upon which post-judgment relief can be granted. The rule provides that the trial court can only relieve a party from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) that the judgment or decree is void; or (5) that the judgment or decree has been satisfied, released, or discharged, or a prior judgment or decree upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or decree should have prospective application. None of these grounds was established in appellant’s partition petition. The only ground that could even be argued as being applicable would be that the $90,000.00 judgment is void. However, such is not the case. The trial court clearly possessed jurisdiction to consider the appellant’s motion for enforcement of the parties’ dissolution of judgment and to enter an order providing such relief. Compare Wright v. Lewis, 870 So.2d 179 (Fla. 4th DCA 2004) (recognizing that a void judgment is subject to collateral attack).
Accordingly, I would affirm.